PETER J. McKENZIE ORTHING, SURVIVING PARTNER OF THE LATE FIRM OF McKENZIE ORTHING AND CHISHOLM, PLAINTIFF IN ERROR, VS. JOSEPH GUNDERSHEIMER, DEFENDANT IN ERROR.

1. Where the pleadings are regular, and the defendant's attention on crossing plaintiff's interrogatories for the examination of witnesses is called to the character of a draft upon the defendant, which draft is· a proper cause of action in the case under an agreement of the parties, "not being advised of the particular character of the draft," under such circumstances, is no such matter of surprise as to authorize a new trial.

2. If from a general review of the case there was evidence to justify the verdict, and it does not clearly appear that there have been errors in law or fact which necessarily operated to the prejudice of the defendant, a new trial will not be granted for surprise.

Writ of error to the Circuit Court for Escambia county.

The case is fully stated in the opinion of the court, to which reference is made.

*C. W. Jones* for Plaintiff in Error.

*C. C. Yonge* for Defendant in Error.

WESTCOTT, J., delivered the opinion of the court:

This was an action of assumpsit brought by the plaintiff against the defendant as the surviving partner of the late firm of McKenzie Orthing and Chisholm.

The counts of the declaration are for the price and value of goods sold, for work and labor, for money lent, for money paid by plaintiff for the use of the defendant, for money received for the use of plaintiff, and for money found due upon an account stated.

The defendant plead the general issue, payment, and set off in short by consent.

Upon the trial there was a verdict for the plaintiff. for fourteen hundred and sixty-five dollars and forty-eight cents, whereupon defendant moved for a new trial upon the grounds hereinafter stated, which motion was overruled, and a judgment awarded, which was entered against the defendant, omitting his description as surviving partner.

A writ of error is now prosecuted to this court.

The errors here assigned are:

First. That the court below erred in refusing to grant the motion for a new trial asked for by plaintiff in error.

Second. In rendering judgment against the plaintiff in error individually, when it appears that the suit was against him as surviving partner of McKenzie Orthing & Chisholm.

Third. Because there is error in the statement sent in by the jury as the basis of their verdict which accompanies the record, as it shows they gave interest against the defendant on the open account from a period before the commencement of the suit.

Fourth. Because there is error in the charge given by the judge to the jury in this case on the trial, in telling the jury that the only question which they had to determine was the *amount* of the *indebtedness.*

The first assignment of error requires a review of the judgment of the court below overruling the motion for new trial.

The motion was made on the ground of surprise, and the matters of surprise alleged are:

First. That, owing to the general character of the pleadings, the defendant's counsel was not advised of the particular character of the draft drawn by Chisholm on defendant in payment of the debt alleged to be due by Dycus to the plaintiff.

The consideration of this matter renders it necessary to ascertain the precise character of this draft, as well as to determine whether due diligence would not have enabled the defendant to have obtained a full knowledge of its character, and if there was surprise, what was its cause?

It appears that in April, 1866, one Dycus was indebted to the plaintiff in the sum of nine hundred and fifty dollars, and that to settle this debt Chisholm, the now deceased partner of the firm of Orthing & Chisholm, gave his draft upon his co-partner, Orthing, the defendant, for that sum; and it also appears that Chisholm at the same time represented to plaintiff that the firm of Orthing & Chisholm was indebted to Dycus in that sum, and that the effect of this arrangement was intended to be that the indebtedness of the firm of Orthing & Chisholm should be transferred to the plaintiff, and thus relieve Dycus of his debt to plaintiff, as well as discharge the debt of Orthing & Chisholm to Dycus.

From the evidence in the record there was ground for the jury to conclude that the defendant had accepted this draft and affirmed the action of his partner, and thus become liable for it to the plaintiff; and whether the firm of Orthing & Chisholm was or was not indebted to Dycus could make no difference. The plaintiff states in his testimony in substance that Orthing accepted the draft for nine hundred and fifty dollars, and that he gave him the draft on New York to discharge it, and another draft for seven hundred and eight dollars and thirteen cents, which he had accepted verbally; and the witness Cater states in his testimony that he was present at a conversation between plaintiff and defendants, and that defendants agreed to pay the indebtedness of G. B. Dycus to plaintiff, amounting to nine hundred and fifty dollars, Orthing thus affirming the act of his co-partner, Chisholm, and Dycus states that he delivered lumber to Chisholm, one of the firm of Orthing & Chisholm, to the amount of the debt he owed Gundersheimer. Nor does the defendant in his testimony deny expressly his acceptance of the draft or his affirmance of the act of his co-partner. Under this state of facts there is certainly nothing extraordinary in the character of the draft.

There is nothing in the record which would induce the belief that defendant was not fully aware of the character of this

draft. He nowhere denies it. It is in evidence that it was the custom between plaintiff and defendant to settle their accounts monthly, and the defendant does not deny it.

Another important fact affecting the matter of surprise is, that under an agreement of the parties which is found in the record, it was understood before going to trial " that the whole cause of action between the parties should be determined under the declaration without the necessity of bringing two suits, no objection to parties." It resulted from this agreement that it was immaterial whether this draft represented a joint or a several debt, because, as surviving partner, it was a cause of action against defendant if it represented a debt of the late firm, and so, also, was it a cause of action if it was a draft accepted by him under such circumstances as would make it a separate debt. This is the only intelligent construction that can be given to this agreement. If there was want of knowledge of the character of the draft upon the part of the defendant's counsel, it does not clearly appear that it was not occasioned by the want of sufficient diligence and accuracy on the part of the defendant in imparting knowledge of the facts of his case. In addition to this, the testimony which disclosed the precise character of the draft was taken upon interrogatories, and the direct interrogatories, which were crossed by the attorney, disclose the character of the draft, or at any rate what its character was in the estimation of the plaintiff, and that was the case the defendant should have prepared to meet.

The next matter of surprise alleged is that defendant's counsel was not advised of the "irresponsibility of defendant under the statute of frauds." Surprise grounded on a mistake in law is not ordinarily a ground for new trial, nor do we perceive that there was any collateral promise for the undertaking of another in this case. It appears from the testimony of Collins that Dycus holds the plaintiff's receipt for the amount of his debt to him, $950. The contract here is to this effect: plaintiff, in consideration of a draft drawn by Chisholm upon Orthing for

the amount of Dycus' debt to him, gives Dycus a receipt; discharges him from liability. There is no collateral promise. This draft, when accepted by Orthing, became an original undertaking not within the statute, and this is true whether the draft under the circumstances represented a joint or a several debt. Even if the debt of Dycus to plaintiff was the original cause of the promise, and not any indebtedness of Orthing & Chisholm to Dycus, yet if the plaintiff to whom this promise was given, with the knowledge and consent of the defendant, and in consideration thereof, relinquished his claim against Dycus, an advantage which he possessed, the promise by the defendant to pay the debt in consideration of such relinquishment is an original promise. 6 M. & S., 204; 3 Burr., 1886; 4 Bing., 264; 4 D. & R., 7; 1 B. & Ald., 297.

As to the second matter of surprise alleged, it is to the effect that owing to the general character of the pleadings, defendant's counsel did not appreciate the circumstances under which the draft for nine hundred and fifty dollars was drawn, and was not prepared to prove that the firm of Orthing & Chisholm was not indebted to Dycus in that sum.

Chisholm was a member of the firm, and the testimony is that he represented to plaintiff that the debt of the firm of Orthing & Chisholm to Dycus was $950, and if it was ascertained to be other than he represented, this fact alone could not affect plaintiff's right. As to whether the drawing of the draft upon Orthing was within his powers as a partner, under the circumstances, is a question which we do not deem it necessary to decide, because the conclusion of the jury was evidently that Orthing had affirmed the act of Chisholm, and that the draft had been accepted or the indebtedness and liability expressly acknowledged and satisfied by the payment of one thousand dollars, and whether it was an acceptance and payment in behalf of the firm or individually makes no difference, as under the agreement plaintiff was entitled to judgment in either event. The defendant obtained credit for the one thousand dollars paid, and it

makes no difference whether it was applied to the draft for nine hundred and fifty dollars or to the other draft and open account, as each was a cause of action under the agreement.

The motion for a new trial was therefore properly overruled.

The second error assigned is that the judgment is against the defendant in the court below individually, when it appears that the suit was against him as surviving partner. Without deciding what would be the effect of this under other circumstances, this form of judgment here cannot be objected to on the part of the defendant. He is estopped by his agreement admitting all causes of action, without any objection as to parties, under the declaration as framed.

As to the third error assigned, the interest on the open account was calculated from the date it became due and payable, which was correct.

As to the fourth error assigned, there was no charge upon any fact within the meaning of the statute. If the draft for nine hundred and fifty dollars was disallowed, and every payment claimed by defendant allowed, there was a balance due about which there was no contest. Had the entire claim been denied, then the entire amount would have been in issue, and the court could not properly have stated as a fact in its charge that the only question for the jury to determine was the amount of indebtedness, as this implies, what is admitted here, that something was due, or it may be that in all actions of this kind the only question is the amount of indebtedness; but this is immaterial, as giving it the construction most favorable to the defendant there is no error.

Upon a review of the evidence the judgment is not so clearly wrong as to justify an appellate tribunal in controlling the discretion of the court below in the matter of the motion for a new trial on the ground of surprise, nor are there such errors in the record as call for a reversal of the judgment.

It may be remarked in this case, that there is no bill of exceptions in the record framed according to the requirements of

law. There is simply an accumulation of what purports to be the evidence upon the trial, without the signature or certificate of the judge.

It was necessary in the consideration of the matter of surprise that the facts should have been brought to this court by bill of exceptions.

The judgment of the court below is affirmed.