LORENZO D. GEIGER, WALTER F. COACHMAN, ALFRED DRYS-DALE, JULES SALOMON AND JOHN B. MILLS, PLAINTIFFS IN ERROR, VS. HARRY A. HENRY, DEFENDANT IN ERROR.

CLAIM—JUDGMENT IN—REVERSAL OF FORM OF JUDGMENT WITH DIRECTIONS FOR PROPER JUDGMENT.

1. Under a statutory claim proceeding interposed in an attachment suit, the statute, section 1200 Revised Statutes, provides that "upon the verdict of the jury the court shall enter judgment deciding the right of property, and if the verdict is for plaintiff, awarding a recovery by the plaintiff from the defendant and his sureties, of the value (as fixed by the officer, or as fixed by the jury if fixed by it) of such parts of the property as the jury may have found subject to execution, and awarding separately such damages as the jury may have awarded, and all costs attending the presentation and trial of the claim." Under this statute it is error to enter judgment against the claimant and his sureties for an indefinite sum to be thereafter

Geiger et al. v. Henry.—Opinion of Court.

ascertained by the judgment to be entered in the principal attachment suit.

2| Where the officer levying a writ of attachment affixes a valuation upon the property levied upon and a claim is interposed to such property and no issue is raised as to such valuation in the trial of such claim proceeding, and no submission is made to the jury and no finding is made by them as to the value of such property, on a general verdict in favor of the plaintiff in attachment against the claimant for all of the property, a judgment is authorized by the statute against the claimant and his sureties for the amount of the value of such property as fixed by the officer levying the attachment.

3. Where an improper judgment is entered upon a proper verdict the appellate court will reverse it with directions for entry of a proper judgment on the verdict.

Writ of Error to the Circuit Court for Duval County.

The facts of the case are stated in the opinion of the court.

*A. W. Cockrell & Son,* for Plaintiffs in Error.

*David H. Doig* and *Stephen E. Foster,* for Defendant in Error.

PER CURIAM

This cause having been reached in its regular order for final disposition, was referred by the court to its commissioners for investigation who have reported that there is no reversible error in the record, except as to the final judgment entered.

14 S. C.

The litigation arose under a claim proceeding. A suit of attachment was instituted by defendant in error against one Hicks, and certain personal property was levied on as his. The plaintiff in error, Geiger, interposed a claim to the property by tendering the statutory affidavits, and also a bond with his co-plaintiffs in error as sureties. A trial of the claim resulted in a verdict and judgment for defendant in error. The verdict of the jury was a simple finding in favor of the p laintiff in the attachment proceedings and the following judgment was entered therein by the court, *viz*: "Wherefore it is considered by the court that the right of property in and to the said property levied on by the sheriff herein is in the defendant W. R. Hicks, and not in the said L. D. Geiger, and that the same was and is subject to said levy under the writ of attachment in said cause. And it is further ordered that upon judgment being rendered in said cause against the said defendant that execution shall issue thereon against the said L. D. Geiger, claimant, and against John B. Mills, Jules Salomon, W. F. Coachman and A. Drysdale, to the extent of $250, if so much is recovered, or for such smaller sum as ma'' be recovered against said defendant." The claim bond accepted by the sheriff recited that the sheriff had fixed a valuation of $250 on the property seized under the attachment writ and claimed by Geiger. It does not appear that the claimant befire the trial denied in writing the correctness of any valuation of the property seized, or that the question of its valuation was in any way submitted to the jury on the trial.

That part of the judgment entered deciding the right of property to be in the attachment debtor Hicks. and subject to the levy of the attachment writ was proper on the verdict rendered, but the other portion of the judg-

ment was unauthorized and in violation of the statute. It provides (section 1200 Revised Statutes) that "upon the verdict of the jury the court shall enter judgment deciding the right of property, and if the verdict is for plaintiff, awarding a recovery by the plaintiff from the defendant and his sureties of the value (as fixed by the officer, or as fixed by the jury if fixed by it) of such parts of the property as the jury may have found subject to execution, and awarding separately such damages as the jury may have awarded, and all costs attending the presentation and trial of the claims." The judgment purports to award execution against the claimant and his sureties for an indefinite sum to be thereafter ascertained by a judgment to be entered in a different proceeding by attachment against Hicks and to be based thereon, and in this respect was unauthorized by the statute. The court could have entered judgment on the verdict against the claimant and his sureties for the valuation of the property fixed by the sheriff, there being no question of valuation before the jury, but there is no authority for the portion of the judgment awarding execution in the way indicated.

After a careful examination of the assignments of error, other than in reference to the judgment, no reversible error is found, and the judgment will be reversed at the cost of defendant in error, with directions for the Circuit Court to enter a proper judgment on the verdict, and for such further proceedings as may be conformable to law.