ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error,* v. J. N. CALHOUN, *Defendant in Error.*

Neither the letter nor the spirit of the rules permit the use of an evidentiary bill of exceptions as a predicate to show error in the giving of an affirmative charge.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Osceola county.

The facts in the case are stated in the opinion of the court.

*Sparkman & Carter* for plaintiff in error.

*J. M. Barrs* and *Bryan & Bryan* for defendant in error.

COCKRELL, J.—We are of the opinion that no error is made to appear by the record herein in respect to any as-

signment of error argued by the plaintiff in error, that calls for a reversal of the judgment rendered in the Circuit Court. We shall, however, discuss briefly a point of practice suggested by the presentation of the affirmative charge for the plaintiff as it appears in the bill of exceptions.

In the ordinary bill there is no statement of facts whatever following the affirmative charge, upon which error is sought to be predicated, but an evidentiary bill, containing more than two hundred and fifty pages of the stenographer's notes of the evidence, is presented that purports "to have been made up and settled at the instance of the plaintiff in error in support of an assignment of error predicated on the refusal of the court to grant a new trial on the ground that the verdict was contrary to the evidence and not supported thereby; and in support of an assignment of error that the court erred in taking the case from the jury and instructing a verdict for the plaintiff for the sum of three thousand, seven hundred, four and 66-100 dollars," and we are invited by counsel to consider this mass of evidence in determining the propriety of the charge. The invitation must be declined.

An evidentiary bill, *"entirely separate and distinct from"* the ordinary bill, is permitted under the rule for but two purposes, *viz*: when the plaintiff in error wishes to have reviewed a ruling upon a motion for a new trial in which is questioned the sufficiency of the evidence to support the verdict, and when the defendant in error demands that the whole evidence be brought up in order to show that the errors are harmless. There can be no contention that express provision has been made in the rule for an evidentiary bill that contains all the evidence in support of an assignment alleging error in the giving or refusing to give an affirmative charge; nor do we see anything in the spirit of the rule to force so violent a construction. If an affirmative charge has been given for the plaintiff, and it be true that some evidence has been introduced sufficient to require that the case be submitted to the jury for their

decision, it would be a comparatively simple matter to state in the ordinary bill very briefly, the essential facts in evidence on behalf of each party, and the same will be true if the affirmative charge be given for the defendant; or if there was merely the failure to prove a fact essential to the case of the party for whom the charge was given, it would be sufficient in the statement under the charge to show there was no evidence to prove that fact. The rule expressly provides that the evidence upon which charges were based must be stated in the ordinary bill, and no exception is there made of an affirmative charge. In most cases there will be matters in evidence that would be shown by the evidentiary bill, not necessary to be considered in determining the propriety of such a charge. Nor unfrequently a vast amount of the testimony actually introduced will be wholly immaterial to the consideration of such charges, as for example in an action for personal injury several days may have been spent in the proof of the *quantum* of damages and the evidence on the question of liability *vel non* might, in the mind of the court or of counsel, call for a peremptory charge for the defendant. If the court should give the charge the plaintiff should not be forced to the expense of bringing up the evidence upon the *quantum* of damages, in order to have us pass upon the propriety of the charge, nor, on the other hand, if the court should refuse the defendant's request for the affirmative charge, should he be forced to such expense when he might perhaps be satisfied with the amount found by the jury and desire only our decision as to his liability; and in neither of the supposed cases should the labor be put upon us of an examination of such useless volume of testimony in the determination of the propriety of the charge given or refused. Other cases might readily be instanced.

The language used by this court in *Florida Cent. & P. R. Co. v. Seymour,* 44 Fla. 557, 33 South. Rep. 424, as to what must be stated under the affirmative charge in order to have the action of the court thereon reviewed

here, is too broad, and the true rule is as announced above; but the Seymour case is authority to the proposition that the affirmative charge will not be considered if it be not followed by the necessary statement of the evidence upon which it is predicated. See, also, *Hoodless v. Jernigan*, 46 Fla. 213, 35 South. Rep. —; *Jacksonville St. R. Co. v. Walton*, 42 Fla. 54, 28 South. Rep. 59; *Allen v. Lewis*, 38 Fla. 115, 20 South. Rep. 821.

We are of the opinion that neither the letter nor the spirit of the rule will admit of the practice, and the judgment is affirmed.

HOCKER, SHACKLEFORD, WHITFIELD and CARTER, JJ., concur.

TAYLOR, C. J., absent on account of sickness.