W. E. WILLIAMS AND D. M. SHORT, COPARTNERS UNDER THE FIRM NAME AND STYLE OF WILLIAMS & SHORT, PLAINTIFFS IN ERROR, v. J. A. FINLAYSON, DEFENDANT IN ERROR.

1.  It is not erroneous for a Circuit Judge to refuse to give a requested instruction even though it embodies a correct proposition of law where the facts upon which it was predicated, would not make it applicable.

2.  Where the sheriff, the defendant in the Circuit Court, had seized goods in the hands of the plaintiffs under writs of attachment issued against the vendor of plaintiffs based on the ground that the transaction between the plaintiffs and their vendor was fraudulent as to the creditors of the vendor, and the plaintiffs had replevied the goods; on the trial of the action of replevin, there being evidence tending to show that the plaintiffs had paid a fair value for the goods, and there being no circumstances which would raise the legal presumption that the transaction was fraudulent, the burden of proving by a preponderance of the evidence that it was fraudulent, was on the sheriff, and the court erred in refusing plaintiffs' request to so instruct the jury.

3.  Where the plaintiffs in the Circuit Court brought an action of replevin against the sheriff to recover certain goods seized by him under attachments issued against the vendor of plaintiffs, on the ground that the transaction between the plaintiffs and their vendor was fraudulent as to the creditors of the latter, and the evidence was not such as to raise the legal presumption that the transaction was fraudulent, and it becomes necessary under the evidence to apply section 1991 Revised Statutes of 1892, the following instruction to the jury would be proper, viz: If the jury believe from the evidence that the plaintiffs purchased the goods in controversy in good faith, and that they paid Hutto (their vendor) a reasonable fair market value for them, without any knowledge on their part of any fraudulent intent on the part of Hutto (if such in-

tent existed) to thereby defraud his creditors, or to hinder and delay them in the collection of their valid claims, and without knowledge on their part of such facts and circumstances as would have put an ordinarily prudent person upon inquiry, and which if followed up would have led to the discovery of such fraudulent purpose on the part of Hutto, then the jury should find a verdict for the plaintiffs, but on the contrary, if the plaintiffs purchased the goods of Hutto, even though they paid Hutto for them their fair market value, yet if Hutto, at the time had a fraudulent purpose to defraud his creditors, or to hinder and delay them in the collection of their debts, and the planitiffs knew of such purpose, or if they had knowledge of such facts or circumstances as would have induced an ordinarily prudent person to make inquiry, and which inquiry if made with reasonable diligence, would have led to the discovery of such fraudulent purpose of Hutto, and plaintiffs did not make such inquiry, then the jury should find a verdict for the defendant.

This case was decided by Division B.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the Court.

*Liddon & Smith,* for Plaintiffs in Error.

*C. L. Wilson,* for Defendant in Error.

HOCKER, J.   The plaintiffs in error replevied certain merchandise from the defendant in error, who was sheriff of Jackson county.   To the declaration a plea of not guilty was filed, issue joined thereon and at the Fall term, 1903, a trial was had and a verdict and judgment was rendered for the defendant.   The plaintiffs in error seek to reverse this judgment.

The first assignment of error is based on the refusal of the trial court to give the following instruction to the jury: "If the seller, Hutto, was the head of a family and sold his entire property to any one, which property would have been exempt to him by the law, then he had a right to sell said exempt property, unless the attacking creditors prove that the amount due them, said creditors, was for the purchase money thereof." It is stated in the bill of exceptions that this instruction was predicated on the statement of facts which the evidence tended to prove, viz: That C. I. Hutto, the plaintiffs' vendor, had a wife and grown son living in Holmes county, Florida, but the evidence also proved the stock of goods was worth more than $1,000.00, and that said purchase money was unpaid on a portion of said stock of goods, and part of the indebtedness for said stock was due." Even if the requested charge contains a correct proposition of law, it seems to be perfectly evident that the facts predicated did not set up a condition which made it applicable. It does not appear whether Hutto was at the time of the sale the head of a family residing in this State, or whether the goods in dispute constituted the whole of his personal property, and perhaps other allegations of fact necessary to show Hutto's right to sell the goods as exempted property. Ballard v. Eckman, 20 Fla. 661, text 683.

Other instructions were requested based on the theory that the goods were exempted, but sufficient facts are not predicated for either of them, and there was no error in the refusal of the court to give them.

The plaintiffs below requested the court to give the following instruction to the jury: "Where the defendant relies on the allegation of fraud to maintain a levy on goods purchased of another, the burden of proof is on the party alleging such fraud to prove with the preponder-

ance of the evidence such allegation, otherwise you will find for the plaintiffs." The court refused to give this charge. The facts were that Finlayson as sheriff had seized the goods in the hands of the plaintiffs under writs of attachment against one Hutto, based on the ground that the transaction between the plaintiffs and Hutto from whom they had bought the goods was fraudulent. The plaintiffs had bought and had been in possession of the goods for two weeks when they were seized. There was evidence tending to show that the plaintiffs paid a fair value for the goods, and the circumstances shown were not such as to raise the legal presumption that the transaction between the plaintiffs and Hutto was fraudulent. The question of fraud was one to be determined by the jury from the whole evidence. Under these circumstances, we think the court erred in refusing to give the requested instruction. Wait on Fraudulent Conveyances (3rd ed.) section 271; 14 Am. & Eng. Ency. Law (2nd ed.) 487; Post v. Bird, 28 Fla. 1, text 18, 9 South. Rep. 888; Robinson v. Springfield Company, 21 Fla. 203, 237; 5 Am. & Eng. Ency. Law (2nd ed.) 22-23.

Several charges were given by the court, and several instructions requested by the plaintiffs below, with the view of applying the provisions of section 1991 Revised Statutes of 1892 (which is taken from 13 Eliz. Chap. 5. See Gassett v. Wilson & Brown, 3 Fla. 235, text 257) to the facts of the case. These are made the bases of several assignments of error here. Some objections might be taken to each of these, but without going into a minute examination of each of them we think that a charge in the following language would have been appropriate to the facts of this case, *viz:* If the jury believe from the evidence that the plaintiffs purchased the goods in contro-

versy in good faith, and that they paid Hutto a reasonably fair market value for them without any knowledge on their part of any fraudulent intent on the part of Hutto (if such intent existed) to thereby defraud his creditors, or to hinder and delay them in the collection of their valid claims, and without knowledge on their part of such facts and circumstances, as would have put an ordinarily prudent person upon inquiry, and which if followed up would have led to the discovery of such fraudulent purpose on the part of Hutto. then the jury should find a verdict for the plaintiffs; but on the contrary, if the plaintiffs purchased the goods of Hutto, even though they paid Hutto for them their fair market value, yet if Hutto at the time had a purpose to defraud his creditors or to hinder and delay them in the collection of their debts, and plaintiffs knew of such purpose, or if they had knowledge of such facts or circumstances as would have induced an ordinarily prudent person to make inquiry and which inquiry, if made with reasonable diligence, would have led to the discovery of such fraudulent purpose of Hutto, and plaintiffs did not make such inquiry, then the jury should find a verdict for the defendant. Kansas Moline Plow Co. v. Sherman, 3 Okl. 204, 41 Pac. Rep. 623, S. C. 32 L. R. A. 33, and extended note; 14 Am. & Eng. Ency. Law (2nd ed.) 289-290; Wait on Fraudulent Conveyances (3rd ed.) section 373 to 382 inclusive.

For the error found the judgment of the Circuit Court in said cause is hereby reversed at the cost of the defendant in error.

TAYLOR, P. J., and COCKRELL, J., concur.

WHITFIELD, C. J., and CARTER and SHACKLEFORD, JJ., concur in the opinion.