LOUISVILLE & NASHVILLE RAILROAD COMPANY, PLAINTIFF IN ERROR, V. EDWARD JONES, DEFENDANT IN ERROR.

1.  In a suit against a railroad company to recover damages for the death of an employe caused by the negligent operation of defendant's train, where the negligence is alleged in general terms and not confined to any specific acts of negligent operation, objections to questions asked a witness as to a road crossing the railroad track near a cut, the scene of the accident, and as to whether or not the engineer blew the whistle of his locomotive before he entered the cut, are properly overruled.

2.  A witness who saw a train running when an accident occurred, and who prior thereto had seen other trains running, could properly be asked as to the speed of the train at the time of the accident.

3.  The right of a minor sister, in the absence of a widow and a minor child, to recover for negligence resulting in the death of an older brother who was also a minor, rests on her dependence in fact on such brother for support and upon a reasonable expectancy of the continuation of support formerly voluntarily contributed by him.

15 S. C .

4. In a suit by an administrator to recover for negligence resulting in death, charges that "if you believe that at the time of his death the deceased had a minor sister without property means whom he had supported and that her reasonable expectancy was that he would have continued such support, then she would have a right to sue for the support which she lost by reason of his death, such right of hers would deprive this plaintiff as administrator of any rgiht to sue," and that "if, on the other hand, you should find from the evidence that the deceased had a minor sister without property means and that the deceased J. J. had not supported her, or if he had supported her, that she had no reasonable expectancy that he would have continued such support, then she would not have a right to sue, and this plaintiff would have a right to bring this suit as administrator of J. J.," are proper where there was evidence that the deceased was a minor living with his father as a member of his family, and had contributed regularly and substantially to the support of his minor sister and his mother.

5. In a suit to recover damages from an employer for the death of an employe resulting from the negligence of another employe in the operation of a train, in the operation of which the deceased was participating, where it is shown that the deceased was free from fault, the presumption of negligence is cast upon the defendant by the statute, and charges that "it is not essential in the first place that the plaintiff should affirmatively prove that such negligence did exist," and that "in the absence of evidence the presumption is that the railroad company was at fault, in the absence of any explanation as to how the accident did occur the presumption is that the railroad company was at fault, but if there is evidence upon that point, then you will determine from that evidence whether or not that presumption has been rebutted," when considered together could not have been harmful to the defendant under the facts of the case.

6. An assignment of error based upon the refusal of the court to give an affirmative charge for the defendant cannot be

considered here in the absence of a statement of the testimony upon which such requested charge is predicated.

7. In an action to recover damages for the negligent operation of a train resulting in the death of an employe, where there is evidence tending to show negligence on the part of the employes of defendant, other than the deceased, which caused the accident resulting in the death of the deceased, no error can be predicated upon the refusal of the court to give charges requested by the defendant which were framed upon the theory that the accident was caused by the failure of a third party to keep an agreement of which the engineer of defendant knew and which was invoked to relieve him from some of his usual duties.

8. Where there is evidence to support the verdict it will not be disturbed by this court.

This case was decided by Division A.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the Court.

*Blount & Blount,* for Plaintiff in Error.

*Jno. B. Jones,* for Defendant in Error.

WHITFIELD, J. Edward Jones as administrator of Joseph Jones, deceased, brought suit in the Circuit Court for Escambia county against the Louisville & Nashville Railroad Company, to recover damages for the death of the deceased who received fatal injuries while engaged as a brakeman in an accident on defendant's train. To a judgment in favor of the plaintiff a writ of error was taken from this court and the judgment was reversed be-

cause of errors in the charges given by the court below, and a new trial was ordered. See Louisville & Nashville R. R. Co. v. Jones, 45 Fla. 407, 34 South. Rep. 246, where the pleadings are fully given.

At the second trial there being evidence that the fatal accident occurred in "a cut," a witness was asked the question: "Do you know whether or not there was a road crossing the track anywhere near that cut?" The question was objected to "because said question was impertinent, irrelevant and inadmissible, and no sufficient predicate had been laid," and an exception was taken by the defendant to the order of the court overruling the objection. The witness answered, "Yes, there was." The witness was also asked: "Do you know whether or not the engineer blew the whistle of his locomotive before he entered the cut?" An objection to the question on the ground that it was irrelevant, immaterial and not justified by the evidence was overruled and an exception noted. The witness answered: "No he did not blow." Errors are assigned on these questions.

This court on the former writ of error in this case said: "The rule established in this State in negligence cases is that it is not necessary for the declaration to set out the facts constituting the negligence, but an allegation of sufficient acts causing the injury, coupled with an averment that they were negligently and carelessly done, will be sufficient. And where the negligence is alleged in general terms, and not confined to any specific acts of negligence, any acts of negligence contributory to the injury may be shown in proof." It was held that under the allegation in the second count of the declaration that "the train was so negligently run and operated at a fast and dangerous rate of speed, etc., the general allegation of negligent operation calls for further explanation to make the

negligence appear, and this further explanation can be supplied in the proofs." Louisville & Nashville R. R. Co. v. Jones, 45 Fla. 407, 34 South. Rep. 246. The testimony sought was for the purpose of showing negligent operation and the objections to the questions were properly overruled.

A witness was asked: "Do you know how fast this train was going at the time this accident took place?" The answer was "it was going pretty fast, about forty miles an hour, I could not tell." The defendant objected to the question upon the ground that the witness had not train, and after the question was answered as above the shown himself competent to testify as to the speed of the defendant moved to strike the answer. Exceptions were duly taken to the orders of the court in overruling the objection to the question and in refusing to strike the answer, and errors are assigned thereon.

The witness saw the train immediately before the accident, and prior thereto had seen trains run, therefore he ordinarily could have been asked as to its speed. The question as asked, however, did not call for an answer as to how fast the train was run, but only whether or not witness *knew* how fast the train was going at the time the accident took place. The answer makes no positive statement as to speed except that "it was going pretty fast." The other part of the answer "about forty miles an hour, I could not tell," makes no positive statement as to speed; and under the facts of this case cannot be said to have injured the defendant even if it did not appear that the witness was competent to testify on this point.

Error is assigned on the giving of the following charges: "If you believe that at the time of his death the deceased had a minor sister, without property means, whom he had

supported, and that her reasonable expectancy was that he would have continued such support, then she would have a right to sue for the support which she lost by reason of his death, and such right of hers would deprive this plaintiff, as administrator of Joseph Jones, of any right to sue." "If on the other hand you should find from the evidence that the deceased had a minor sister without property means and that the deceased, Joseph Jones, had not supported her, or if he had supported her, that she had no reasonable expectancy that he would have continued such support, then she would not have a right to sue and this plaintiff would have a right to bring this suit, as administrator of Joseph Jones."

These charges were predicated upon testimony tending to prove the following facts: "That the plaintiff was the father of Joseph Jones, the deceased, for whose alleged negligent killing by defendant the suit was brought; that beside the said deceased, the plaintiff, at the time of the death of deceased, had a wife and a girl eleven years old; that the plaintiff was physically infirm and had been for twenty odd years and at intervals was incapable of doing any work, and at all times unfit for hard manual labor; that plaintiff was not able to give his said daughter all she needed, and in order to get deceased to help him raise the girl, plaintiff had given her to deceased, when she was just beginning to walk; that ever since then the deceased had contributed regularly and substantially to the support of the child and his mother (plaintiff's wife), and sometimes, when plaintiff was sick, deceased was the sole and only support of the plaintiff and his said family; that deceased earned between fifteen and forty dollars per month; that deceased besides contributing money to support the family each month usually bought the clothes

and shoes for the said girl and paid her schooling; that whenever deceased's said sister wanted anything she would tell her mother, who would get them for deceased; that deceased was unmarried and lived in the same house with plaintiff's family and had done so all his life."

In the opinion on the former writ of error (Louisville & Nashville R. R. Co. v. Jones, 45 Fla. 407, 34 South. Rep. 246), this court held that the right of the minor sister to sue rests on her dependency in fact upon her brother for support, and upon a reasonable expentancy of a continuation of support formerly voluntarily contributed. That decision became the law of this case. Anderson v. Northrop, 44 Fla. 472, 33 South. Rep. 419. The charges complained of are in accordance with that decision. The testimony on which the charges were hypothecated does not state that the eleven year old sister was dependent on the deceased minor brother for support, but that he "contributed regularly and substantially to the support of the child and his mother (plaintiff's wife) and sometimes, when plaintiff was sick, deceased was the sole and only support of the plaintiff and his said family," etc. The deceased was a minor living with his father as a member of his family, and it was within the province of the jury under the pleadings to find from the testimony adduced whether the minor sister was or was not in fact dependent on the deceased minor brother for support, and also whether or not she had a reasonable expectancy of a continuation of support formerly voluntarily contributed by him; and consequently the charges cannot be said to be erroneous. What is here said disposes of an assignment of error based on the refusal of the court to give a requested charge which was not framed in accordance with the above rule.

The court gave the following charges which were excepted to and they are severally assigned as errors: "It is not essential, in the first place, that the plaintiff should affirmatively prove that such negligence did exist." "In the absence of evidence the presumption is that the railroad company was at fault, in the absence of any explanation as to how the accident did occur the presumption is that the railroad company was at fault, but if there is evidence upon that point, then you will determine from that evidence whether or not that presumption has been rebutted."

The statute under which this action was brought provides that in certain cases which would have "entitled the party injured thereby to maintain an action for damages in respect thereof, then and in every such case the person or persons who or corporation which would have been liable in damages, if death had not ensued, shall be liable to an action for damages, notwithstanding the death shall have been caused under circumstances as would make it in law amount to a felony."

In the case of Florida Cent. & P. R. Co. v. Mooney, 40 Fla. 17, 24 South. Rep. 148, this court in construing our statute upon the subject approved the doctrine that "in suits by an employe to recover damages from his employer for injuries alleged to have been inflicted by the negligence of another employe in performing some act in the master's service, in the performance of which plaintiff as a co-employe was participating, the plaintiff must show either that he was free from fault himself, or that there was negligence on the part of his co-employe; and upon proof of the fact that plaintiff in such a case was free from fault, the statutory presumption arose that the servants of the company were at fault, and it thereupon devolved

upon the company to 'make it appear' to the contrary. If, however, the act by which the employe was injured was one being performed by other employes in the master's business, but in the performance of which plaintiff was not participating, then the presumption of negligence on the part of the agents of the company, and that plaintiff was free from fault, arose under the statute, to the same extent as if the plaintiff was not an employe, and it devolved upon the company to relieve itself, either by showing that plaintiff was at fault, or that its servants were not negligent."

In the testimony in which the charges assigned as error were predicated, it was stated by defendant's witnesses and not contradicted, that the deceased gave the signals as required of him just before the accident occurred; and there was testimony that the rules of the defendant company required the engineer to blow the whistle at all road crossings and sharp corners in cuts; that there was a road crossing near the cut; that the train was going pretty fast when the accident occurred in a cut, and that the whistle was not blown before the train entered the cut.

It appearing that the plaintiff gave the necessary signals, and so was free from fault, the statute imposed the presumption of negligence on the defendant. Florida Cent. & P. R. Co. v. Mooney, 40 Fla. 17, 24 South. Rep. 148. The charges of the court should be considered together. The presumption of negligence having been cast upon the defendant by the statute when the deceased was shown to have been free from fault, the second paragraph of the charges above quoted in view of the facts of this case, could not have been harmful to the defendant.

The assignment of error based upon the refusal of the

court to give the charge "You will find for the defendant," cannot be considered as presented because a statement of the testimony upon which it is predicated does not follow the charge as it appears in the bill of exceptions.   Atlantic Coast Line Ry. Co. v. Calhoun, 47 Fla. 132, 36 South. Rep. 361.

As there was evidence tending to show  negligence on the part of the employes of the  defendant other than the deceased which caused the  accident  resulting in  the death of the deceased, no error can be predicated upon the refusal of the court to give charges requested by the defendant which were framed upon the theory that the accident was caused by the failure of a  third party to keep an agreement of which the engineer of defendant knew and which was invoked to relieve him of some of his usual duties.

There is evidence to support the verdict, and under the well settled rule it will not be disturbed by this court.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL. J., disqualified.