THE VALDOSTA MERCANTILE COMPANY, PLAINTIFF IN ERROR, v. T. E. WHITE, DEFENDANT IN ERROR.

1. W. caused an attachment to be issued in a suit brought by him against B. & P. and to be levied on a certain stock of goods located in the storehouse of one H., inventoried at $889.44. The V. M. Co. filed an affidavit, claiming the property, and bond, under sections 1665 and 1197 Revised Statutes of 1892. On the trial of the right of property nothing is shown which of itself raises the legal presumption that the transaction between the V. M. Co. and P. of the firm of B. & P., in which the V. M. Co. purchased the goods, was fraudulent, and in this state of the case the following charges held erroneous:

"(a) Our law provides (here the court read to the jury section 1991 Revised Statutes of 1892). The law means that if a man buys goods from another, and that other is insolvent, and the purchaser at the time he makes the purchase knows he is insolvent, and owes others, the sale is fraudulent and void. The purchaser can buy goods from another if he knows nothing of the seller's owing any debts, but if he knows the seller owes others then the sale is fraudulent and void.

(b) The purchaser cannot buy the property of another if he knows the other owes for the goods he is selling.

(c) If you believe from the evidence in this case that the Valdosta Mercantile Company, through its agent, Mr.

Passmore, came to Perry to collect a debt due said company by Blanton Sons & Co., then due them, and he went to Parker to buy a stock of goods to collect a debt by Blanton Sons & Co., to the Valdosta Mercantile Company and at the time Passmore purchased said goods from Parker, he, Parker, owed T. E. White for them, and at the time of the purchase he, Passmore, knew Parker owed White for the purchase of the same, then the sale is fraudulent and void."

2.  A sale of goods by a party who owes another for them, to a party who knows the fact, is not necessarily and as a matter of law a fraudulent sale. The rule in such cases is stated in Williams v. Finlayson, 49 Fla. 264, 38 South. Rep. 50.

3.  On a trial of the right of property in a claim case the proper form of a verdict and judgment for the plaintiff under section 1199 Revised Statutes of 1892, is given in Geiger v. Henry, 44 Fla. 208, 32 South. Rep. 874.

This case was decided by Division B.

Writ of error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*H. J. McCall,* for Plaintiff in Error;

*W. B. Davis,* for Defendant in Error.

HOCKER, J.: T. E. White, the defendant in error, on the 7th day of September, 1904, caused an attachment to be issued out of the Circuit Court of Taylor county in a suit brought by him against D. D. Blanton and O. W. Parker,

and to be levied on a certain stock of goods located in the storehouse of one F. M. Hock, in Taylor county, inventoried by the sheriff at $889.44. On the 10th of September, 1904, The Valdosta Mercantile Company filed a claim affidavit and bond under Sections 1665 and 1197 Revised Statutes of 1892, but it does not appear from the affidavit whether The Valdosta Mercantile Company is a corporation or a copartnership. No objection, however, was made in the court below to this affidavit, and the claim case came on for trial at the Spring term, 1905. A verdict was rendered by the jury finding the right of property in the plaintiff in attachment, T. E. White, and that he had a right to subject the property to his indebtedness. At a subsequent term of the court a judgment was entered by the court in favor of T. E. White adjudging the right of property to be in him, and that he recover of the claimant The Valdosta Mercantile Company, a corporation, and its sureties the sum of $889.44, the value of the property and costs. From this judgment a writ of error was sued out from this court.

Assignments of error are based on several propositions of law contained in the charge of the court to the jury, viz: "The court erred in charging the jury as follows: Our law provides (Here the court read to the jury Sec. 1991 R. S. 1892). The law means that if a man buys goods from another and that other is insolvent, and the purchaser at the time he makes the purchase knows he is insolvent, and owes others, the sale is fraudulent and void. The purchaser can buy goods from another if he knows nothing of the seller's owing any debts, but if he knows the seller owes others, then the sale is fraudulent and void."

"The purchaser cannot buy the property of another if he knows the other owes for the goods he is selling."

"If you believe from the evidence in this case that The Valdosta Mercantile Co., through its agent, Mr. Passmore, came to Perry to collect a debt due said company by Blanton Sons & Co., then due them, and he went to Parker to buy a stock of goods to collect a debt by Blanton Sons & Co. to The Valdosta Mercantile Co., and at the time Passmore purchased said goods from Parker, he, Parker, owed T. E. White for them, and at the time of the purchase, he, Passmore, knew Parker owed White for the purchase of the same, then the sale is fraudulent and void."

There is nothing in the evidence in this case which of itself raises the legal presumption that the transaction between Passmore, as agent of The Valdosta Mercantile Company, and Parker, in which Passmore purchased a stock of goods from Parker, was of itself fraudulent. We do not think because Parker was at the time of the sale in debt to White for the goods, and that Passmore knew the fact, that therefore the sale by him to Passmore was fraudulent. Something more than this was essential to make the transaction fraudulent. Parker must have had a fraudulent intent to defraud his creditors, and this must have been known to Passmore, or he must have had knowledge of such facts and circumstances as would have put an ordinary prudent person upon inquiry and which if followed up would have led to the discovery of such fraudulent purpose on the part of Parker. Williams v. Finlayson, 49 Fla. 264, 38 South. Rep. 50.

We think, under the circumstances, that the foregoing propositions of law contained in the charge of the trial judge were erroneous.

Objection is also made to the verdict and judgment. The verdict found the right of property in the plaintiff White. If White was the owner of the property, we do not understand how he could attach it. Probably the jury intended to find the right of property in D. Blanton and O. W. Parker, which would have authorized a verdict for the plaintiff White, under Section 1199 of the Revised Statutes of 1892. For a proper form of verdict and judgment see Geiger v. Henry, 44 Fla. 208, 32 South. Rep. 874.

There are some other assignments of error, based on the overruling of objections to questions propounded to witnesses, but as we understand from the oral argument of the attorney for the plaintiff in error, that these objections are abandoned, we do not deem it necessary to discuss them.

The judgment of the lower court is reversed at the cost of the defendant in error.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.