VALDOSTA MERCANTILE COMPANY, A CORPORATION, *Plaintiff in Error*, v. T. E. WHITE, *Defendant in Error*.

1. All the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case and are no longer open for discussion or consideration.

2. Where the officer levying a writ of attachment affixes a valuation upon the property levied upon and a claim is interposed to such property and no issue is raised as to such valuation in the trial of such claim proceeding, and no submission is made to the jury and no finding is made by them as to the value of such property, on a general verdict in favor of the plaintiff in attachment against the claimant for all the property, a judgment is authorized by the statute against the claimant and his sureties for the amount of the value of such property as fixed by the officer levying the attachment.

3. In both civil and criminal cases, where there is evidence to support the verdict it will not be disturbed or set aside by an appellate court as being against the evidence, unless it may well be assumed that the jury was improperly influenced by considerations outside the evidence.

4. It is generally with great reluctance that courts set aside the verdict of a jury upon a consideration of the testimony alone; and a second verdict upon the same state of facts, even though the judges might have come to a different conclusion, is too strongly fortified by the judgment of twelve men to warrant an appellate court in disturbing it except for strong reasons.

5. If from a general review of the case there was evidence to justify the verdict, and it does not clearly appear that there have been errors in law or fact which necessarily operated to the prejudice of the losing party, a new trial will not be granted for surprise.

This case was decided by Division A.

Writ of Error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*H. J. McCall*, for plaintiff in error.

*W. B. Davis,* for defendant in error.

SHACKLEFORD, C. J.—This is the second time this cause has been brought here by the same plaintiff in error. For the opinion rendered on the former writ of error see Valdosta Mercantile Co. v. White, 52 Fla. 453, 42 South. Rep. 633, wherein will also be found a statement of the facts, which we deem it unnecessary to set forth here. Suffice it to say the issue to be tried and determined was the right of property in a certain stock of goods upon which the defendant in error had caused a writ of attachment to be levied and to which the plaintiff in error had interposed a claim under Sections 1665 and 1197 of the Revised Statutes of 1892, now Sections 2129 and 1626 of the General Statutes of 1906. For the second time a jury rendered a verdict in favor of T. E. White, the defendant in error, upon which the court entered the following judgment:

"Wherefore it is considered by the court that the right of property in and to the said property levied upon by the sheriff herein is in the defendant in attachment, D. D. Blanton and O. W. Parker, and is not in the claimant the said Valdosta Mercantile Company, a corporation under the laws of the State of Georgia, and that the same was and is subject to said levy under the writ of

attachment in said cause; and it is further considered and adjudged that the said plaintiff in attachment, T. E. White, do have and recover of and from the said claimant, the Valdosta Mercantile Co., a corporation, under the laws of the State of Georgia, and of and from G. R. Battle, C. A. Owens, J. B. Varn and H. E. Miller, the sureties on the claim bond of the Valdosta Mercantile Co. a corporation, as aforesaid claimant the sum of $889.04 the value of the property levied upon under the writ of attachment in said cause and claimed by the Valdosta Mercantile Co. a corporation as aforesaid as fixed by the officer levying such attachment, and that the said plaintiff in attachment, T. E. White, further recover the sum of ——— dollars and ———, cents as costs in this cause, and that plaintiff in attachment, T. E. White, do have execution therefor."

The Valdosta Mercantile Company, the claimant, seeks to have this judgment tested here by writ of error and has assigned five errors, which, however, we do not consider it necessary to discuss in detail. The last three assignments question the form of the verdict and judgment as well as attack their validity. In the opinion rendered upon the former writ of error we referred to and approved of what was said in Geiger v. Henry, 44 Fla. 208, 32 South. Rep. 874, as to the proper form of a verdict and judgment for the plaintiff in attachment in a claim case, and we make the same reference with approval now. All of the points adjudicated upon the former writ of error become the law of this case and are no longer open for discussion. See Anderson v. Northrop, 44 Fla. 472, 33 South. Rep. 419; Louisville & Nashville R. R. Co. v. Jones, 50 Fla. 225, 39 South. Rep. 485; Hoodless v. Jernigan, 51 Fla. 211, 41 South. Rep. 194; Jacksonville Electric Co. v. Bowden, 54 Fla. 461,

45 South. Rep. 755, S. C. 15 L. R. A. (N. S.) 451. In the instant case, as in the case of Geiger v. Henry, *supra,* the verdict of the jury was a simple finding in favor of the plaintiff in attachment, and, in accordance with the principle enunciated in the cited case, judgment was properly entered thereon against the claimant and its sureties for the sum of $889.00, the valuation of the property fixed by the sheriff, there being no question of valuation before the jury. These assignments have not been sustained.

The first two assignments are based upon the overruling of the motion for a new trial, the grounds thereof relied upon and urged before us being that the verdict was not supported by the evidence and that the plaintiff was taken by surprise at the defense undertaken to be set up by the defendant, in that the levy of the attachment was made before the agent of the plaintiff bought the goods. Setting out the evidence adduced and discussing the same would prove a profitless task and could serve no useful purpose. As this court has repeatedly held both in civil and criminal cases, where there is evidence to support the verdict it will not be disturbed or set aside by an appellate court as being against the evidence, unless it may well be assumed that the jury was improperly influenced by considerations outside the evidence. See Sims v. Hodges, 34 Fla. 498, 16 South. Rep. 317; McNish v. State, 47 Fla. 69, 36 South. Rep. 176; Atlantic Coast Line R. R. Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761, wherein numerous authorities will be found collected. As this court has also held, it is generally with great reluctance that courts set aside the verdict of a jury upon a consideration of the testimony alone; and a second verdict upon the same state of facts, even though the judges might have come to a different

conclusion, is too strongly fortified by the judgment of twelve men, to warrant an appellate court in disturbing it except for strong reasons. See Wilson v. Dibble, 14 Fla. 47, and Pensacola & Georgia R. R. Co. v. Nash, 12 Fla. 497. The evidence adduced at the second trial made even a stronger case for the plaintiff in attachment. As was also held in Orthing v. Gundersheimer, 12 Fla. 640, "If from a general review of the case there was evidence to justify the verdict, and it does not clearly appear that there have been errors in law or fact which necessarily operated to the prejudice of defendant, a new trial will not be granted for surprise."

Having found no reversible errors, the judgment must be affirmed.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.