HENRY COHEN AND LEWIS COHEN, CO-PARTNERS AS COHEN BROS., *Plaintiffs in Error*, v. N. S. HARRIS AND W. E. SOLES, CO-PARTNERS AS HARRIS & SOLES; C. A. GREEN, CLAIMANT, *Defendants in Error*.

1. In claim proceedings under the statute the burden of proof is upon the claimant, who must recover upon the strength of his own title, and right to possession of the property claimed.

2. In claim proceedings under the statute the right of property

which the jury is to try is an issue of superiority as between the right of the plaintiff in attachment or execution, as the case may be, to subject the chattel or property involved to the satisfaction of his writ, and the claimant's title, on the other hand, as against such right; an issue of the liability of the property to the plaintiff's writ of attachment or execution as against the claimant's title.

3. If from a general review of the case there was evidence to support the verdict, and it does not clearly appear that there have been errors in law or in fact which necessarily operated to the prejudice of the losing party, an appellate court will not interfere with the action of the trial court in overruling the motion for a new trial.

4. A memorandum made at or about the time of the happening of the transaction may be referred to by a witness for the purpose of refreshing his recollection, but there is a clear and obvious distinction between the use of a memorandum for the purpose of stimulating the memory, and its use as a basis for testimony regarding transactions as to which there is no independent recollection.

5. The opposite party has the right to see and examine the memorandum used by a witness for the purpose of refreshing his memory, so as to be in a position to cross-examine the witness in regard to the testimony given on his direct examination.

6. In a claim proceeding under the statute it is improper and erroneous to permit either the claimant or his attorney to testify as to consultations between them and conversations had, or advice given by the attorney to the claimant, at which the opposing party in interest was not present.

This case was decided by Division A.

Writ of error to the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*E. C. Maxwell* and *Geo. W. P. Whip,* for Plaintiffs in
Error;

*W. W. Clark,* for Defendant in Error.

SHACKLEFORD, J.—An action of attachment was insti-
tuted by the plaintiff in error against N. S. Harris and
W. E. Soles, co-partners as Harris & Soles, and certain
personal property was levied upon as their property. C.
A. Green interposed a claim to such property and filed the
affidavit and bond in accordance with the statutory pro-
visions. The case came on for trial before a jury, which
trial resulted in a verdict and judgment in favor of the
claimant. The plaintiffs seek to have this judgment tested
by writ of error and have assigned thirteen errors. We
shall discuss such of the assignments as we think merit
treatment.

Before entering upon a discussion of any of the assign-
ments, we think it advisable to call attention to some
fundamental principles governing claim proceedings. As
was said in Claflin Co. v. Harrison, 44 Fla. 218, text 223,
31 South. Rep. 818, text 819, "In proceedings of this char-
acter the burden of proof is upon the claimant, who must
recover upon the strength of his own title, and right to
possession of the property." Also see the prior decisions
of this court there cited.

The issue to be tried and determined in this action was
the right of property in certain chattels upon which the
plaintiffs in error, who were plaintiffs in the court below,
had caused a writ of attachment to be levied and to which
C. A. Green, one of the defendants in error, had inter-
posed a claim under Sections 2129 and 1626 of the Gen-
eral Statutes of 1906. As was held in the Volusia County
Bank v. Bigelow, 45 Fla. 638, 33 South. Rep. 704, "In
claim proceedings the right of property which the jury is

to try is an issue of superiority as between the right of
the plaintiff in execution (or attachment) to subject the
chattel or property involved to the satisfaction of his writ,
and the claimant's title, on the other hand, as against such
right; an issue of the liability of the property to the plain-
tiff's execution (or attachment) as against the claimant's
title." This court has repeatedly held, both in civil and
criminal cases, where there is evidence to support the
verdict it will not be disturbed or set aside by an appel-
late court as being against the evidence, unless it may
well be assumed that the jury was improperly influenced
by considerations outside the evidence. Valdosta Mercan-
tile Co. v. White, 56 Fla. 704, 47 South. Rep. 961, where
prior decisions of this court will be found cited. In other
words, in passing upon as assignment based upon the rul-
ing of the trial court in denying a motion for a new trial,
which questions the sufficiency of the evidence to sustain
the verdict, the guiding principle for an appellate court
is not what it may think the jury ought to have done, or
what such court may think it would have done had it
been sitting as a jury in the case, but whether as reason-
able men the jury could have found such verdict from
the evidence adduced. If this question can be answered
in the affirmative, the action of the trial court upon such
motion should not be disturbed. Pensacola Electric Co.
v. Bissett, 59 Fla. 360, 52 South. Rep. 367.

A motion for a new trial was made by the plaintiffs in
this case, which questioned the sufficiency of the evidence
to support the verdict, which was overruled and upon
which one of the assignments is based. Guided by the
principles enunciated by this court, which we have quoted
above, it may well be that we would not be justified in
reaching the conclusion from a general review of the case,
considering all the evidence adduced, that there was no
evidence to warrant the verdict, though we are of the

opinion that such evidence is far from being clear, satisfactory and convincing. If no errors in law or fact appeared which operated to the prejudice of the plaintiffs, we might refuse to disturb the verdict. Valdosta Mercantile Co. v. White, *supra*. To say the least of it, the case would seem to have been rather loosely tried.

The claimant was the first witness introduced. During his direct examination, he stated that he did "not remember what date Mr. Harris (one of the defendants in attachment) left Milton exactly." Whereupon the claimant's counsel handed witness a paper and propounded the following question: "I will ask you to examine this and see after examining it and your memory is refreshed,—if you can say as to the time when he left Milton." The counsel for plaintiffs then asked, "are you going to introduce it in evidence?" The claimant's counsel replied, "Not at this time," whereupon the plaintiffs' counsel stated, "Then we object to it," but mentioned no grounds of objection. The court made the following ruling: "I don't know whether it is a proper thing for him to refresh his memory by it or not. I don't see any objection to his examining the paper." This ruling forms the basis for the first assignment. The witness then went on to state: "Since I have examined the paper, I think it was somewhere about the 25th of November that Mr. Harris left Milton, but I don't know exactly the date. I got this furniture described in the affidavit before Mr. Harris left Milton." The witness had previously stated: "I got this property, I believe, October 21, 1909, and the levy was made October 16, 1909, I got a written showing from Mr. Harris as to this property." This "written showing" was then introduced in evidence and bore date "October 21." As a matter of fact, the writ of attachment was not issued until the 16th day of November, 1909, and was levied upon the property in dispute the same day. Later on, upon cross-examination, the wit-

ness stated that Harris left Milton about the 24th of October. What paper was handed witness to refresh his memory we are not informed, but in view of the fact that no grounds of objection were stated, of the actual ruling of the court upon the objection, and of the testimony of the witness as to when Harris left Milton, both prior and subsequent to his examination of the paper handed him, whatever such paper may have been, we are of the opinion that the first assignment has not been sustained.    See Volusia County Bank v. Bigelow, 45 Fla. 638, 33 South. Rep. 704, as to the proper practice of permitting a witness to refer to a memorandum for the purpose of refreshing his recollection. Upon his redirect examination, the claimant proceeded to testify, over the objections of the plaintiffs, as to a consultation which he had with his attorney, after the writ of attachment had been levied upon the property in question, and as to the advice given him by his attorney. While the grounds of objection to the questions propounded are most general in their nature and are by no means as precise as they should have been, we are of the opinion that the admission of this evidence was manifestly improper.

The plaintiffs were not present at the consultation between the claimant and his attorney, and we do not understand for what purpose such evidence could have been admitted.

Mr. W. W. Clark, the claimant's attorney, at the close of the examination of the claimant, took the witness-stand and proceeded to testify, over the objections of the plaintiffs, as to a consultation and conversation which took place in his office between himself and the claimant and as to certain advice which he gave the claimant. We are of the opinion, for reasons already stated above, that the admission of this evidence was likewise manifestly improper and that the court erred both in overruling the

objections thereto and in denying the motion of the plaintiffs to strike such evidence out.

This evidence, having been thus erroneously admitted, would have a tendency to prejudice the rights of the plaintiffs and of itself would call for a reversal of the judgment. It becomes unnecessary to consider the other errors assigned. What we have already said is sufficient to dispose of the case.

Judgment reversed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.