**In the Matter of Walter J. KASSUBA, et al., Debtors.**

**HEMMERLE INDUSTRIES, INC. et al., Plaintiffs,**

v.

**WALTER KASSUBA REALTY CORP. et al., Defendants.**

**Landmark First National Bank of Ft. Lauderdale, Garnishee.**

**Bankruptcy No. 76–380–Bk–JE–B.**

**Adv. No. A.**

United States Bankruptcy Court, S. D. Florida.

Jan. 12, 1982.

Paul G. Hyman, Jr., Miami, Fla., for garnishee.

Irving Wolff, Miami, Fla., for defendant Walter Kassuba Realty Corp.

Jack A. Jensen, Deerfield Beach, Fla., for Hemmerle Industries.

William Rodriguez, Tampa, Fla., for Hemmerle Development Corp.

John R. Camp, Jr., Miami, Fla., for Kenneth V. Hemmerle.

Eric P. Turner, Fort Lauderdale, Fla., Timothy R. Thornton, Minneapolis, Minn., for Morgan and Ryan.

## SUMMARY JUDGMENT

THOMAS C. BRITTON, Bankruptcy Judge.

In this involuted case, the debtor-in-possession, Kassuba, obtained a judgment for over $680,000 against K. V. Hemmerle and others on February 13, 1980. (C.P.No. 285a). A year later, Kassuba obtained a judgment that Hemmerle Development Corporation, a Florida corporation, is an alter ego of K. V. Hemmerle. (C.P.No. 429a). On March 25, 1981, Kassuba garnished Landmark Bank, which acknowledged an indebtedness to Hemmerle Development Corporation in the sum of $100,736 but alleged that third parties, D. J. Morgan and W. D. Ryan have an interest in that account. These third parties were impleaded nine months ago. They have answered, claiming ownership of one-half of the funds in the account.

Garnishment in aid of a bankruptcy judgment is governed by local law. B.R. 769. The applicable state statute, § 77.16, Florida Statutes, provides that if a third party claims garnished funds by affidavit (which was done in this instance, C.P.No. 530):

"... the court shall impanel a jury to determine the right of property between the claimant and plaintiff unless a jury is waived."

Instead, Morgan and Ryan moved for summary judgment (C.P.No. 530) to recover the one-half claimed by them. The motion was heard on January 6, 1982.

It is undisputed that the account was opened on March 3, 1981 by a deposit of $100,000 made by Bramalea, Inc., with explicit instructions to clear the funds and pay one-half jointly to Morgan and Ryan and the remainder to Hemmerle Development Corporation "in the event no claims have been filed against this fund within three months from the date hereof." No claims were filed other than this writ of garnish-

ment. It is also undisputed that no judgment exists reflecting any indebtedness by either Morgan or Ryan to the debtor.

The instructions directed the bank "to place the funds in the registry of the court having jurisdiction" in the event a claim is filed. I consider that Landmark's answer together with Kassuba's interpleader of movants is the functional equivalent of these instructions.

The motion for summary judgment is opposed by Kassuba on the ground that Kassuba proposes to sue Morgan and Ryan and others in an effort to recover all the proceeds (of which this sum is believed to be a small part) of a March, 1979, sale by Hemmerle Industries, Inc. (the deed was recorded three months later) under circumstances which Kassuba believes would render the sale voidable. Kassuba argues that interspersed in the voluminous records of this case (now in its seventh year), including its extensive post judgment discovery in aid of execution, there lurks evidence which could support a money judgment against Morgan or Ryan or both for a sum exceeding the amount they seek now.

Kassuba's primary concern, however, is that a judgment here for movants would collaterally estop its proposed litigation. Its apprehension on this score is stoked by Bramalea's announcement that if it is sued by Kassuba it may argue that defense. Kassuba, therefore, urges that all the garnished funds be held until (a) it gets around to filing suit and (b) that litigation is concluded.

Since Morgan and Ryan admittedly have apparent title and the right to possess half the garnished funds, the only issue in this garnishment proceeding is whether Kassuba's judgment constitutes a lien against the property of either Morgan or Ryan. *Cohen v. Harris*, 1911, 61 Fla. 137, 54 So. 905; 13 *Fla.Jur.2d*, Creditors' Rights, § 200, n. 42. Admittedly it does not.

■ In effect, Kassuba seeks a writ of attachment against movants' property solely on the strength of a proposed lawsuit it may file against them. It is, I take it,

fundamental that no such remedy exists in Florida. 13 *Fla.Jur.2d*. Creditors' Rights, § 53, n. 82.

■ The motion for summary judgment is granted. The garnishee is authorized and directed to credit this account forthwith with all interest earned to the date of this judgment, to deduct from the account its costs, and to pay one-half the balance to:

Daniel J. Morgan and William D. Ryan, jointly

c/o John Forsyth, Esquire

600 Fifth Avenue

Naples, Florida 33940.

The remainder of such account shall be held pending further order of this court.

I am not unmindful of the reticence with which federal courts approach summary judgments where respondent argues there is a factual issue and, particularly, where the record is voluminous. I subscribe to that reticence, but the alternative here is a jury trial in which the real issues, as I see them, are undisputed and Kassuba, in an abundance of caution, seeks to inject irrelevant issues inappropriate to this garnishment proceeding. Summary judgment is appropriate here.

At one point during the hearing of January 6, Kassuba and movants each stipulated with this court's approval that movants would not assert the foregoing judgment as collateral estoppel against Kassuba's proposed suit and in return Kassuba withdrew its opposition to the summary judgment. However, each party later receded from that stipulation and I have not relied on the stipulation.

■ Because of Kassuba's concern with collateral estoppel, I volunteer the following comment. The effect of this judgment is a matter of federal, not state law. *Johnson v. United States*, 5 Cir. 1978, 576 F.2d 606. In that case the application of the principles of res judicata and collateral estoppel to federal judgments are reviewed in some detail. Applying those principles, it appears obvious to me that this judgment could not constitute collateral estoppel because the issues Kassuba proposes to raise

were not "actually litigated and necessary to" this summary judgment. (At page 615.) This judgment could not be res judicata, because the garnishment proceeding now before this court, though it involves the same parties, is not "a suit on the same cause of action" as the one Kassuba proposes to institute. (At page 611.) I believe, therefore, that Kassuba's concern is unfounded.

Costs will be taxed on motion.