HARDY COX, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Testimony going into the merits of a previous quarrel is properly rejected.

2. Before one is tendered as a witness testimony as to his probable bias is incompetent.

3.    When the original aggressor in a difficulty defends upon the ground that he had honestly sought to evade actual injury by retreat, superinduced by the sudden dislocation of his shoulder, it is permissible for him to prove by a physician the condition of his shoulder and the consequent likelihood of the truth of the statement.

4.    The court may refuse this instruction: "By a verdict of not guilty you do not necessarily mean that the defendant in truth and in fact is not guilty of the charge, but such verdict may mean that the prosecution has failed to produce sufficient evidence to convince you beyond a reasonable doubt of the defendant's guilt, or it may mean that upon consideration of all the evidence you are not convinced beyond a reasonable doubt and to a moral certainty of the defendant's guilt."

5.    The statement by one armed with a knife, placing a hand upon another, "If you draw a pistol or a knife, I will cut your throat" may or may not constitute an aggravated assault, dependent upon other circumstances, the condition annexed not being such as neither party can control or alter.

This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Gadsden County.

The facts in the case are stated in the opinion of the court.

*W. H. Ellis* and *R. H. Buford*, for Plaintiff in Error.

*Park Trammell*, Attorney General, for the State.

COCKRELL, J.—Cox was indicted of an assault with a deadly weapon with intent to murder F. W. Smith and was convicted of an aggravated assault.

As the case is reversed we need not consider the assignment based upon the refusal of a continuance.

There was no error in overruling a question propounded to the witness F. W. Smith if he had not gone into Cox's yard. There had been testimony by Smith as to a previous difficulty between him and Cox and the question tended merely to the merits of that previous quarrel which was not an issue.

There was also no error in refusing questions asked this witness as to rivalry and ill feeling between Cox and one Brocken. It is suggested that it tended to discredit Brocken as a witness by showing bias and prejudice. A sufficient reply to the suggestion is that Brocken had not then become a witness.

The defendant having testified to facts tending to show he was the original aggressor in the fight, proceeded to testify further that he had sought to retreat before real harm was done being induced thereto by the dislocation of his left shoulder, which rendered him incapable of sustaining the combat, and that Smith upon seeing the retreat and the disabled condition renewed the attack, whereupon the defendant thinking himself in danger of great bodily harm, cut Smith with a knife. To bolster up this theory of self defense, he called as a witness a physician and propounded this question: "Do you know whether or not Hardy Cox has any permanent or chronic injury to his left shoulder," which question was rejected upon the objection that it was irrelevant and immaterial. We think the question should have been answered. The account of the shoulder jumping out of place upon the slight force used here, coming as it did from the mouth of the most interested witness, called loudly for corroborative evidence and its prompt tender should not have been declined. The court charged the jury upon the theory of self defense by an original aggressor who had in good faith abandoned the difficulty but by refusing to receive

the physician's testimony to a large extent deprived the accused of the defense.

We find no further error in the record.

The defense requested this instruction: "By a verdict of not guilty you do not necessarily mean that the defendant in truth and in fact is not guilty of the charge, but such verdict may mean that the prosecution has failed to produce sufficient evidence to convince you beyond a reasonable doubt of the defendant's guilt, or it may mean that upon consideration of all the evidence you are not convinced beyond a reasonable doubt and to a moral certainty of the defendant's guilt." This was refused but the court charged *inter alia* "The defendant is presumed to be innocent of these several offenses and that presumption continues throughout every stage of this trial until overcome by evidence which satisfies you of his guilt beyond a reasonable doubt." Also "and if you have a reasonable doubt of the defendant's guilt you should give him the benefit of such doubt and acquit him."

No authority is cited in support of the requested instruction and we do not care to engraft it upon our system of jurisprudence. Our juries are well advised generally that the State must prove by evidence adduced upon the trial every material fact constituting the crime as charged, else the defendant should be acquitted, and to this effect was the jury in this case specifically instructed.

The court refused to instruct "If you believe from the evidence that the defendant crossed the street to meet Smith and had an open knife in his hand and placed his hand upon Smith's shoulder and said 'If you draw a pistol or knife I will cut your throat' then the court charges you that these facts alone do not constitute aggravated assault." The theory for the instruction is that the condition destroyed the threat, that the words explain away the act, but the authority cited, 2 Bishop's New Criminal

Law, Par. 36 does not sustain it. The illustrative conditions there given are such as neither party can control or alter. Moreover in the instant case the statement was so interwoven with other facts and circumstances as to render it improper so to segregate it, and it was for the jury to say whether there was a real or apparent attempt to do personal violence.

The judgment is reversed.

All concur except HOCKER, J., absent.