WILLIAM A. BEXLEY AND TRUBY OSTEEN, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1.    The refusal of the trial court to grant a new trial for insufficiency of the evidence to sustain the verdict, or because the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust.

2.    When the trial court concurs in the verdict rendered by a jury by denying the motion for a new trial, and there is evi-

dence to support it, appellate court should refuse to disturb it, in the absence of any showing that the jurors must have been improperly influenced by considerations outside of the evidence.

3.  Evidence examined and found sufficient to support the verdict.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*J. N. Stripling, W. S. Broome* and *Fred B. Noble,* for Plaintiffs in Error;

*Park Trammell,* Attorney General, for the State.

SHACKLEFORD, J.—The plaintiffs in error were indicted for murder in the first degree, were tried before a jury, convicted of manslaughter and sentenced to confinement in the State prison for a term of nine years. Relief is sought here upon writ of error.

Thirty-seven errors are assigned, but only the eighth, twenty-eighth, twenty-ninth, thirtieth and thirty-first assignments are urged before us, the other assignments being abandoned. While we have given all the assignments argued our careful consideration, in our opinion, the only ones which merit discussion are those questioning the sufficiency of the evidence to support the verdict. The evidence as set forth in the bill of exceptions covers nearly three hundred typewritten pages, all of which we have carefully read and duly considered and weighed. Our conclusion is that there was sufficient evidence adduced, if believed, which the jury evidently did believe,

to warrant and sustain the verdict. We are further of the opinion that the jurors as reasonable men might well have found such verdict from the evidence adduced. The trial judge concurred in it by refusing to grant the motion for a new trial. We are unable to find that the jurors were improperly influenced in any way by considerations outside the evidence. For these reasons we must follow the settled policy of this court and refuse to disturb the verdict or to reverse the judgment. See the reasoning in Williams v. State, 58 Fla. 138, 50 South. Rep. 749. We would also refer to McNish v. State, 47 Fla. 69, 36 South. Rep. 176, and cases there cited; Walker v. Lee, 51 Fla. .360, text 369, 40 South. Rep. 881, text 884; Pittman v. State, 51 Fla. 94, text 123, 41 South. Rep. 385, text 395, S. C. 8 L. R. A. (N. S.) 509; Wilson v. Jernigan, 57 Fla. 277, 49 South. Rep. 44. It is true that the evidence is conflicting and in some respects is not as satisfactory as we would like to have it, but, as we have frequently said, that furnishes no sufficient reason for a reversal of the judgment. We see no useful purpose to be accomplished by setting forth the voluminous evidence or attempting to discuss it.

Finding no reversible error, the judgment is affirmed.

COCKRELL and HOCKER, J. J., concur.

WHITFIELD, C. J., and PARKHILL, J., dissent, as to the sufficiency of the evidence.

TAYLOR, J., absent on account of illness.