GUS REVELS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. In cases of homicide it is best always to have the evidence of medical experts, if they can be obtained, as to the fatal character of wounds; but where such evidence is not accessible, non-experts may, after describing the wounds, give their opinions as to whether such wounds caused the death, with their reasons therefor; and if, from such evidence, the jury is convinced, beyond a reasonable doubt, that the wounds thus testified about did produce the death, it is sufficient to sustain a conviction.

2. The conduct of the cross-examination generally and the range which it shall be permitted to take rest in the sound judicial discretion of the trial court, and an appellate court will not interfere with the exercise of such discretion, unless an abuse thereof is made to appear.

3. In treating an assignment of error based on the overruling of the motion for a new trial, an appellate court will consider only such grounds of the motion as are argued before it.

4. Evidence examined and found sufficient to support the verdict.

Writ of error to the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*L. E. Roberson* and *C. D. Blackwell,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

SHACKLEFORD, J.—The plaintiff in error was tried by a jury upon the charge of murder in the first degree, found guilty, with a recommendation to the mercy of the court, and sentenced to imprisonment for life. Upon writ of error, he has assigned six errors, which he submits call for a reversal of such judgment. The argument in support of the assignments is slight and no authorities are cited to us. The plaintiff in error was indicted for the murder of Shelton Denmark, who was his brother-in-law, the plaintiff in error, who will be referred to hereafter as the defendant, having married the sister of the deceased, and the tragedy occurred at the home of the defendant. It is established by undisputed testimony that the father of the deceased had been unwilling for the sister of the deceased to marry the defendant, that the marriage took place away from the home of Mr. J. B. Denmark, the father of the wife of the defendant, that the relations, since such marriage between the defendant and his wife and her family had been strained, to put it mildly, that hard feelings existed between the defendant and the deceased, who had been endeavoring to get his sister to leave her husband. The only eye witnesses to the entire tragedy were the defendant, his wife and the deceased, though other witnesses saw portions of it. The fact of the shooting of deceased by the defendant and his resulting death is admitted by the defendant in his own testi-

28—Vol. 64.

mony on the witness-stand, but the defendant sought to show that the deceased had attacked him with a knife and that he had shot and killed the deceased in self defense.

The first assignment is as follows: "The court erred in overruling the objection of the defendant to the following question propounded by the State's Attorney to S. E. Thompson: 'Is it your opinion or not, that these wounds produced the death of young Denmark?'"

The bill of exceptions discloses that the witness in question had testified that he was an undertaker and had been employed by the father of the deceased to prepare his body for burial; that he did so prepare such body and while engaged in so doing discovered certain wounds thereon, which he proceeded to describe. He was then asked the question copied above, which was objected to by the defendant on the ground that "the witness has not qualified as an expert." In view of the subsequent testimony, adduced and especially of the defendant's own admissions in his testimony, we do not see how any harm could have resulted to the defendant from the admission of this testimony, even though error was committed therein. But there was no error in the ruling upon which the assignment is based. "In cases of homicide it is best always to have the evidence of medical experts, if they can be obtained, as to the fatal character of wounds; but where such evidence is not accessible, non-experts may, after describing the wounds, give their opinions as to whether such wounds caused the death, with their reasons therefor; and if, from such evidence, the jury is convinced, beyond a reasonable doubt, that the wounds thus testified about did produce the death, it is sufficient to sustain a conviction." Edwards v. State 39 Fla. 753, 23 South. Rep. 537. Bellamy v. State, 56 Fla. 43, 47 South. Rep. 868, is also well in point.

During the examination of Lilla Revels, the wife of the defendant, who testified in her husband's behalf, after she had stated that her father was not willing for her to marry Gus Revels and that she did not marry at home, she was asked this question by the defendant: "Why did you not?" Evidently meaning why she did not marry at home. The sustaining of an objection to this question forms the basis for the second assignment. The defendant stated to the trial court that "the purpose of the question was to show that from the very time of this marriage there was trouble between them, the defendant and his wife on the one hand, and her relatives on the other; and that there was a continuous effort from that time to break peace between this defendant and his wife, and finally culminated in this occurence." We do not see how any proper or legitimate answer could have proved or tended to prove the matters for which the defendant stated that the question was propounded, nor does the defendant in his brief throw any light upon the point. It was indisputably established by the testimony, as we have already stated that unpleasant relations and bad feelings existed between the defendant and his wife and her family, especially between the defendant and the deceased, who had been trying to induce his sister to leave her husband. This being true, no harm could have ensued to the defendant from the ruling sustaining the objection to the question.

This applies with like force to the third assignment, the basis for which is the sustaining of an objection to the question propounded by the defendant to the same witness, Lilla Revels, "Why did you and Gus move away from Perry?"

The fourth assignment, as framed, is not borne out by the bill of exceptions and is practically unintelligible,

but we have managed to glean what was intended thereby. During the cross-examination of Lilla Revels, the following question was propounded by the State: "Have you talked to your father, or any of your people, about this offense since it was done." The defendant objected to the question on the sole ground "that it was not in cross." The objection was sustained, whereupon the witness answered: "No. When my brother fell in the yard I did not go to him." No error is made to appear here. As we have frequently repeatedly held, a wide range should be allowed on the cross-examination of witnesses both to the State and the defendant in a criminal case, in order to elicit the motives, interest or animus of the witness as connected with the cause or the parties thereto. See Padgett v. State, decided here at the present term, and the prior decisions cited therein. We also held therein that the conduct of the cross-examination generally and the range which it shall be permitted to take rest in the sound judicial discretion of the trial court, and that an appellate court will not interfere with the exercise of such discretion, unless an abuse thereof is made to appear.

The fifth assignment is based upon the sustaining of an objection interposed by the State, when the defendant, in testifying in his own behalf, undertook to state that he left Perry, where he and his wife were living because his wife told him—the sentence being unfinished because interrupted by the objection. This is clearly hearsay testimony, in the nature of a self-serving declaration and was, therefore, properly excluded.

The only remaining assignment is based upon the overruling of the motion for a new trial, which consists of a number of grounds, but only those are argued which question the sufficiency of the evidence to sustain the

verdict. Following our established rule, we consider only the grounds of the motion .which are argued. Johnson v. State, 55 Fla. 41, 46 South. Rep. 174; McCall v. State, 55 Fla. 108, 46 South. Rep. 321; Revels v. State, 62 Fla. 83, 56 South. Rep. 416. We have carefully examined all the evidence and are of the opinion that it is amply sufficient to support the verdict. This being true, we must refuse to disturb it. See Bexley v. State, 59 Fla. 6, 51 South. Rep. 278.

Judgment affirmed.

WHITFIELD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.