COLLIN SMITH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed January 28, 1913.

1.  Assignments of error predicated upon alleged facts and rulings that are not disclosed by the record cannot be considered by an appellate court.

2.  Where the brief for plaintiff in error contains simply a bare statement that a ruling of the trial court is erroneous, no reasons being given, no principles of law stated and no authorities cited, an assignment of error based upon such ruling will

be treated as abandoned for failure to argue the same, unless the error complained of is so glaring or patent that no argument is needed to demonstrate it.

3. Where an assignment of error in a criminal prosecution for forgery is based upon the overruling of the ground of objection to a question propounded to State witness on his redirect examination, "we object, that is purely a matter of opinion," and the record discloses that such witness had testified fully as to all the facts and circumstances concerning such alleged forged instrument with which he was acquainted, both in his direct examination and on the rather lengthy cross-examination to which he was subjected, during which the defendant repeatedly called for expressions of opinion from the witness as to matters connected with such statement, and it is not suggested or pointed out wherein the answer of the winess to the question could have been harmful to the defendant, such assignment will be held to be without merit.

4. An assignment based upon an alleged remark or statement made by the trial judge during the progress of a trial cannot be considered by an appellate court where the record fails to show any objection or exception thereto or ruling thereon.

5. An assignment based upon the sustaining of an objection interposed by the State to a question propounded by the defendant to a witness is without merit when the record discloses that prior to the interposing of the objection the witness had answered the question and the defendant had received the full benefit thereof, no motion having been made or sustaind to strike out such answer.

6. In treating an assignment of error based upon the overruling of the motion for a new trial, an appellate court will consider only such grounds of the motion as are argued before it.

7. A refusal of a requested instruction cannot be excepted to in the motion for a new trial.

8. The refusal of the trial court to grant a new trial for insfficincy of the evidence to sustain the verdict, or because the

verdict is contrary to the evidence, will not be disturbed, un-
less, after allowing all reasonable presumptions of its cor-
rectness, the preponderance of the evidence against the ver-
dict is so decided as to clearly convince the appellate court
that it is wrong and unjust.

Writ of error to the Criminal Court of Walton County.

Judgment affirmed.

*S. K. Gills,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,*
for the State.

SHACKLEFORD, C. J.—Collin Smith was convicted under
both counts of an information charging forgery and
uttering and passing a forged instrument, and seeks
relief here by writ of error.

The first assignment is based upon an alleged order
of the court in denying a motion to quash the informa-
tion, but, as such alleged ruling is not disclosed by the
record, we cannot consider it.   Douberly v. State, 51
Fla. 41, 40 South. Rep. 675.   We pass the second assign-
ment, based upon the overruling of the motion for a
new trial, for the present, but shall consider it later.
The third assignment is simply repeated and is not
argued, hence must be treated as abandoned, especially
since the error complained of is not so glaring or patent
that no argument is needed to demonstrate it.   McCall
v. State, 55 Fla. 108, 46 South. Rep. 321.

The fourth assignment is based upon the overruling of
the ground of objection interposed by the defendant to
the following question propounded on the re-direct ex-
amination by the State to W. O. Campbell, a witness

introduced by the State: "Would you judge that the man that wrote that on there wrote that signature?" This assignment is so slightly argued that we might well treat it as abandoned.  Suffice it to say that the witness had testified on his direct examination that he was the assistant cashier of the bank upon which the instrument alleged to have been forged had been drawn and which such bank had cashed and had testified fully as to the facts and circumstances connected therewith with which he was acquainted, both on his direct examination and on the rather extended cross-examination to which he was subjected.  The sole ground of objection was "We object, that is purely a matter of opinion."  In view of the fact that the defendant on the cross-examination of the witness had repeatedly called for expressions of his opinion as to matters connected with such instrument, we think that he was hardly in a position to object on that ground to the question.  It is not suggested or pointed out to us wherein the answer of the witness could have been harmful to the defendant, and, after reading the entire testimony of the witness, we fail to discover wherein any harm could have ensued.

The fifth assignment is that "The court erred in remarking as follows: 'If he knows the guilt of any other party he can testify as to that,—not just applying for a warrant.'"  It is sufficient to say that the record does not disclose any objection to this statement, any ruling of the court thereon or any exception thereto, therefore this assignment presents nothing to us for consideration. See Williams v. State, 32 Fla. 251, 13 South. Rep. 429; Pittman v. State, 45 Fla. 91, 34 South. Rep. 88; Gainesville & Gulf R. R. Co. v. Peck, 55 Fla. 402, 46 South. Rep. 1019.

The sixth assignment is that "The court erred in re-

fusing to allow the witness, W. L. Smith, to prove the application for a warrant for Lonnie Herbert." The bill of exceptions discloses that the witness was asked by the defendant as to whether or not he had applied to the County Judge for a warrant for Lonnie Herbert and after the witness had replied in the affirmative the State objected to the question and the objection was sustained. As the defendant got the full benefit of the answer, no motion being made to strike it out, he has no ground of complaint.

We have now disposed of all the assignments, except the second, which we temporarily passed and which is based upon the overruling of the motion for a new trial. This motion consists of five grounds. Following our established practice, we consider only such grounds as are argued before us. Revels v. State, 62 Fla. 83, 56 South. Rep. 416. The fifth ground is based upon the refusal of the trial court to give a certain requested instruction. We cannot consider this ground, as it appears only in such motion. As we have repeatedly held, a refusal of an instruction cannot be excepted to in a motion for a new trial. Thomas v. State, 49 Fla. 123, 38 South. Rep. 516. The other grounds argued question the sufficiency of the evidence to support the verdict. We have carefully examined the evidence and are of the opinion that the jurors, acting as reasonable men, could have well have found it. This being true, we must refuse to disturb it. Bexley v. State, 59 Fla. 6, 51 South. Rep. 278; Padgett v. State, 64 Fla. 389, 59 South. Rep. 946; Revels v. State, 64 Fla. 432, 59 South. Rep. 951. Having discovered no reversible error, the judgment must be affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.