PLEAS LINDSEY, *Plaintiff in Error*, V. THE STATE OF FLORIDA, *Defendant in Error*.

## Opinion Filed February 11, 1914.

1. In order to merit consideration by this court assignments of error must be argued, unless the error complained of is so glaring or patent that no argument is needed to demonstrate it.

2. Where one of the assignments of error is based upon the overruling of the motion for a new trial, an appellate court will consider only such grounds of the motion as are argued.

3. The crime of aggravated assault may be committed without either a battery or a wounding. The gist of such crime consists in the character of the weapon with which the assault is made. A large stick may constitute a deadly weapon, such as is contemplated in Section 3228 of the General Statutes of Florida, defining the crime of aggravated assault and providing the punishment therefor.

4. The trial judge has the power to recall the jury from the jury room and give them additional instructions.

5. Evidence examined and found sufficient to support the verdict.

Writ of Error to Circuit Court for Santa Rosa County; D. J. Jones, Judge.

Judgment affirmed.

*J. T. Wiggins*, for Plaintiff in Error;

*T. F. West*, Attorney General, and *C. O. Andrews*, Assistant, for the State.

SHACKLEFORD, C. J.—Pleas Lindsey seeks relief here from a conviction of the crime of aggravated assault. Seven errors were assigned, of which the fifth is expressly abandoned and the seventh is not argued, hence must be treated as abandoned. The second, third and fourth assignments may also be said not to be argued. In effect, the defendant simply repeats them in his brief and submits that the respective rulings upon which they are based, were and are erroneous. We have repeatedly held that where the brief for the plaintiff in error contains simply a bare statement that a ruling of the trial court is erroneous, no reasons being given, no principles of law stated and no authorities cited, an assignment of error based upon such ruling will be treated as abandoned for failure to argue the same, unless the error complained of is so glaring or patent that no argument is needed to demonstrate it. See McCall v. State, 55 Fla. 108, 46 South. Rep. 321, wherein prior decisions of this court will be found cited; Atlantic Coast Line R. R. Co. v. Dees, 56 Fla. 127, 48 South. Rep. 28; Smith v. State, 65 Fla. 56, 61 South. Rep. 120. We have examined these assignments sufficiently to see that no glaring error appears. In fact, such assignments would seem to be without merit.

The only assignment which may be said to be argued is the sixth, which is based upon the overruling of the motion for a new trial. This motion contains four grounds, but the third is not urged before us, hence will not be considered. Johnson v. State, 55 Fla. 41, 46 South. Rep. 174. The first and second grounds question the verdict of the jury as being contrary to the law and evidence. It is contended that, as the evidence fails to show that John Lindsey, upon whom the defendant was alleged to have made an assault, was even actually struck by the defendant, therefore the defendant could not legally have

been convicted of an aggravated assault. This contention has already been decided adversely to the defendant by this court in Knight v. State, 44 Fla. 94, 32 South. Rep. 110, wherein we held that "an assault may be committed without either a battery or a wounding." See also Lindsey v. State, 53 Fla. 56, 43 South. Rep. 87, wherein we held that the gist of the crime of aggravated assault "consists in the character of the weapon with which the assault is made." See also the discussion in Cox v. State, 58 Fla. 33, 50 South. Rep. 875, as to what constitutes an aggravated assault. The indictment in the case at bar charged that the deadly weapon used by the defendant in committing the assault was a large stick. That a large stick may constitute a deadly weapon, such as is contemplated in Section 3228 of the General Statutes of Florida, defining the crime of aggravated assault and providing the punishment therefor, there can be no question. As was held in Blidge v. State, 20 Fla. 742, 51 Amer. Rep. 628, "A weapon may be a deadly weapon, although not especially designated for offensive or defensive purposes, or for the destruction of life or the infliction of injury." See also the discussion in Peterson v. State, 41 Fla. 285, 26 South. Rep. 709, and Smothers v. State, 64 Fla. 459, 59 South. Rep. 900. We shall not discuss the evidence adduced. It is sufficient, in our opinion, to support the verdict.

The fourth ground of the motion for a new trial is as follows:

"Because the court erred in calling the jury from the room and instructing the jury that the evidence need not show that the defendant actually struck the person who was alleged to have been assaulted in order to find him guilty of aggravated assault on its own motion, said instruction not being asked for by the jury."

All that is disclosed in the transcript concerning this ground is set forth in the order denying the motion for a new trial, which reads as follows:

"On the 26th day of September, A. D. 1913, the the term aforesaid the said motion coming on to be heard and the court making the following rulings:

"The jury being out some time were called into the court room, and interrogated by the court if they desired any instructions upon the law of the case, and upon the jury answering and saying they desired further instructions, the court proceeded to instruct the jury. The motion is denied, exceptions noted, and defendant given thirty days to propose or present bill of exceptions."

As to what additional instructions were given to the jury we are not advised. No error is made to appear here. See 11 Ency. of Pl. Pr. 283 and 284.

The judgment is affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.