SOUTHERN EXPRESS COMPANY, *Plaintiff in Error,* v. J. S. STOVALL, *Defendant in Error.*

Opinion filed February 8, 1916.

When the verdict is not warranted by any count of the declaration a judgment rendered on the verdict will be reversed.

Writ of Error to Circuit Court, Franklin County; E. C. Love, Judge.

Judgment reversed.

*Fred T. Myers,* for Plaintiff in Error;

*R. Don McLeod, Jr.,* for Defendant in Error.

PER CURIAM.—The first count of the declaration in effect alleges that the plaintiff Stovall was employed by the defendant company as its agent at Apalachicola, Florida, the plaintiff agreeing to give his services, maintain an office, employ a clerk, hire a horse and driver to deliver express packages, all of the expenses of maintaining such office, including clerk's salary, driver's wages and horse hire to be paid by the plaintiff, all for an agreed compensation of five per cent on all revenues accruing to the defendant for freight or shipments handled by said agency, which commission the defendant promised the plaintiff would average not less than $235.00 per month; that it was agreed that during the months of April, May, June, July and August the revenues would be light and not sufficient to pay the office expenses but that in the other months the revenues

would be sufficient to overcome the losses to plaintiff by service during the stated summer months and, would afford him an average commission of not less than $235.00 per month for each month; that plaintiff served from April 15th, 1912, to September 1, 1912, during which period plaintiff paid out for the purpose of maintaining said agency $606.25, though five per cent of the revenues received at said agency was only $396.44 which was paid to plaintiff by defendant; that during the year from April 15th, 1912, to April 15th, 1913, the revenues' accruing to the defendant upon freights handled by it at its Apalachicola agency amounted to $60,000.00 so that had the plaintiff continued to be employed under his said contract his commission of five per cent for said, year would have been $3,000.00 or an average of $250.00 per month; that the defendant discharged the plaintiff because he would not continue in said employment at a salary of $90.00 per month in lieu of all commissions; that plaintiff protested and was willing to continue the employment under the original agreement; that plaintiff was and is entitled under his said, contract to five per cent commission computed on the basis of the year's business of said agency and was and is entitled to such proportionate part of five per cent of all revenues accruing on freight at said agency as aforesaid during said year as the length of time in said year during which he was so employed bears to the entire year but so it is that on demand the defendant hath refused to pay the same.

The second count alleges in effect that the defendant promised to pay for the employment a five per cent commission and guaranteed and, promised the plaintiff his said commission would average not less than $235.00 per month.

The third count alleges an employment for one year. The fourth count alleges an employment for four and one-half months for a reasonable compensation. There are also four common counts. Demurrers to the first two counts were overruled and the case was tried on issues made by appropriate pleas. Judgment for the plaintiff was rendered in $428.06, and the defendant took writ of error.

It cannot be said that the allegations of the first and second counts are so defective as to wholly fail to state any cause of action. The evidence clearly shows that the employment extended only from April 15th, 1912, to August 1, 1912, three and one-half months. As the evidence does not show an employment for a definite period or a promise to pay for each month a commission equal to the average of five per cent on receipts for a year, a recovery under the first count could not be sustained. If the verdict was found upon the second or third count it cannot be sustained, because the evidence does not sustain the allegation of the second count of an employment at $235.00 per month or the allegation of the third count of an employment for a period of one year. As there was no evidence of the value of the services rendered the verdict has no support in the other counts of the declaration.

The judgment is reversed and a new trial granted.

All concur, except COCKRELL, J., absent by reason of sickness.