# DECISIONS

## OF THE

# Supreme Court of Florida

## JANUARY TERM, A. D. 1918

SOUTHERN EXPRESS COMPANY, A CORPORATION, *Plaintiff in Error*, v. J. S. STOVALL, *Defendant in Error*.

Opinion filed January 10, 1918.

1. Where the trial court concurs in the verdict rendered by a jury, by denying a motion for a new trial, and there is evidence to support such verdict an appellate court should not disturb it in the absence of any showing that the jurors must have been improperly influenced by considerations outside the evidence.

2. If reasonable men might have found the verdict complained of, and the trial judge has refused to set it aside, an appellate court should not disturb it, and the appellate court is not justified in substituting its standard of what is reasonable for that of the jury.

3. It is generally with great reluctance that courts set aside verdicts of juries upon a consideration of the testimony alone, and a second verdict upon the same state of facts, although the judges might have come to a different conclusion, is too strongly fortified by the judgment of twelve men, to warrant an appellate court in disturbing it except for strong reason.

Writ of Error to Circuit Court for Franklin County,

E. C. Love, Judge.

Judgment affirmed.

*Myers & Myers,* for Plaintiff in Error;

*R. Don McLeod, Jr.,* for Defendant in Error.

WEST, J.—This is the second time this case has been brought to this court by the same plaintiff in error. The former opinion, containing a statement of the facts, is reported in 71 Fla. 122, 70 South. Rep. 939. In that opinion the judgment of the court below was reversed and a new trial awarded because the evidence did not sustain the allegations of the special counts in the declaration, and there was no evidence of the value of the services rendered by the plaintiff for the defendant recoverable under the common counts contained in the declaration.

Upon a new trial of the case plaintiff again recovered judgment against the defendant, a motion for a new trial was denied by the Circuit Judge and the case is here again for review.

This court has frequently held that where the trial court concurs in the verdict rendered by a jury, by denying a motion for a new trial, and there is evidence to support it, an appellate court should refuse to disturb it, in the absence of any showing that the jurors must have been improperly influenced by considerations outside the evidence. Wilson v. Jernigan, 57 Fla. 277, 49 South. Rep. 44; Bexley v. State, 59 Fla. 6, 51 ,South. Rep. 278; Florida East Coast R. Co. v. Geiger, 66 Fla. 582, 64 South. Rep. 238; McNeil v. Webeking, 66 Fla. 407, 63 South. Rep. 728. We have also held that if rea-

sonable men might have found the verdict complained of, and the trial court has refused to set it aside, an appellate court should not disturb it, and that the appellate court is not justified in substituting its standard of what is reasonable for that of the jury. Florida East Coast R. Co. v. Geiger, *supra*.

A verdict for the plaintiff below has been rendered by a jury in two separate trials, and such a verdict has twice received the sanction of the trial judge. In a similar situation in the case of Valdosta Mercantile Co. v. White, 56 Fla. 704, 47 South. Rep. 961, this court said: "As this court has also held, it is generally with great reluctance that courts set aside the verdict of a jury upon a consideration of the testimony alone; and a second verdict upon the same state of facts, even though the judges might have come to a different conclusion, is too strongly fortified by the judgment of twelve men, to warrant an appellate court in disturbing it except for strong reasons."

The judgment in this case may be upheld under the evidence upon the second trial on the theory that it is predicated upon the first count in the declaration. In fact a simple calculation demonstrates that the verdict for the plaintiff must have been on this count. In this count it is alleged, in substance, that the defendant contracted to pay to the plaintiff, in consideration for his services as its agent at Apalachicola, a commission of five per cent. on all revenues accruing to the defendant for freight on shipments handled by said agency, and promised the plantiff that such commission would average the sum of not less than two hundred and thirty-five dollars per month, out of which all of the expenses of maintaining an office, including clerk's salary, driver's wages and horse hire were to be paid by plaintiff.

It appears from the evidence that the plaintiff was in the employ of the defendant for three and one-half months and paid out during this time on account of the items enumerated for maintaining such office the aggregate sum of $470.75. Upon the basis of two hundred and thirty-five dollars per month, the amount due the plaintiff for this period on account of remuneration for his services was $822.50. He received from the defendant on this account $282.40, leaving a balance due of $540.10, the amount of the principal of the verdict plus ten cents.

It is true the Circuit Judge charged the jury that they should find for the defendant on this and certain other counts in the declaration, but upon a motion to set it aside and grant a new trial in this case his sanction was given to the verdict for the plaintiff, which, as we have seen, must have been predicated on this count, and his error in giving this instruction was thereby corrected.

We are also of the opinion that the judgment is legally sustainable, under the evidence, upon the theory that it is predicated upon the common counts in the declaration.

All the assignments of error have been considered but no reversible error is made to appear by any of them.

The judgment will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.