ARTHUR BROOKE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed June 25, 1920.

1. Where there is substantial competent evidence of all the facts legally essential to support the verdict, and there is nothing in the record to indicate that the jury were influenced by considerations outside the evidence, this court will not disturb the verdict.

2. "The refusal of the trial court to grant a new trial for insufficiency of the evidence to sustain the verdict, or because the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust."

A Writ of Error to the Criminal Court of Record for Duval County; J. M. Peeler, Judge.

Judgment affirmed.

*Axtell & Rinehart,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

BROWNE, C. J.—The plaintiff in error, Arthur Brooke, and Clara A. Turneau were convicted on the second count of an information charging them with violation of Section 3261, General Statutes of Florida, by verbally and maliciously threatening Isaac A. Stewart to accuse him of the crime of assault with intent to commit rape upon Clara A. Turneau, with intent to thereby extort money from him. Brooke seeks reversal on writ of error.

No useful purpose will be served by reciting the testimony or attempting to give a synopsis of it.

The complaining witness testified exhaustively as to what occurred between him and the two defendants, Arthur Brooke and Clara Turneau. The accused make two defences: One that Judge Stewart committed the crime they charged him with, and the other that there was no attempt by either of them to get money from him under threats to accuse him of the commission of the crime.

There was direct conflict between the testimony of Judge Stewart and that of the defendants on all the material matters that tended to support the charge. The trial judge gave very clear, correct and fair instructions on the province of the jury to pass upon disputed issues of fact. The result of the trial depended largely upon

the credibility of the witnesses, of which the jury were the sole judges. The court instructed the jury that in the consideration of the testimony they "should consider the manner of the witnesses on the stand in the giving of his testimony; the bias or prejudice, if any, of the witness; the interest, if any, of the witness, in the result of his testimony; the intelligence, or otherwise, of the witness, in order that you may judge of the correctness of his observations and his ability to detail intelligently what he has observed; the position of the witness, both at the time of the happening of the event testified about and at the time of the giving of his testimony; the reasonableness, or otherwise, of his testimony as judged by your common sense, everyday experience; any conflict or discrepancies as to material questions which you may find to exist in the testimony of the witness, or the testimony of other witnesses whom you believe to have testified truthfully; any corroboration in the testimony of the witness whom you believe to have testified truthfully; and, in fact, gentlemen, it is your sole province to consider all the surroundings of the witness bearing upon his credibility, or otherwise, in arriving at the weight to be attached to their testimony. You must do this carefully, fairly and impartially under your oaths as jurors, empaneled to try this case."

The jury accepted the testimony of Judge Stewart, and rendered their verdict against the defendants.

One of the grounds for a motion for new trial is that the verdict is contrary to the evidence and weight of the evidence. This motion the court denied.

The rule is well settled in this State that:

"The refusal of the trial court to grant a new trial for insufficiency of the evidence to sustain the verdict,

or because the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust."

"When the trial court concurs in the verdict rendered by a jury by denying the motion for a new trial, and there is evidence to support it, appellate court should refuse to disturb it, in the absence of any showing that the jurors must have been improperly influenced by considerations outside of the evidence." Bexley v. State, 59 Fla. 6, 51 South. Rep. 278.

Applying this rule to the testimony in this case the judgment must be affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.