J. M. HENRY, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion Filed October 27, 1927.

Petition for Rehearing Denied December 2, 1927

784

*C. E. Kensinger* and *John S. Edwards,* Attorneys for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant, Attorneys for Defendant in Error.

BUFORD, J.—In this case the plaintiff in error was convicted under provisions of Section 5092, Revised General Statutes of Florida, of the offense of verbally, maliciously threatening to accuse another of crime with intent thereby to extort money from the person so threatened and was sentenced to serve a term of one year at hard labor in the

State Prison for such offense, to which judgment he sued out writ of error to this Court. After the verdict was rendered finding the plaintiff in error here, the defendant in the court below, guilty, counsel for the defendant contended that the defendant was absent from the court room at the time the verdict was returned by the jury and further contended that such absence vitiated the trial and that no valid judgment could be predicated on that verdict. Evidence was introduced pro and con as to whether or not the defendant was absent from the court room at the moment the verdict was received. It appears from the record that the trial judge was somewhat impressed that there might be something of importance in the contention of the defense, and later, after the jury had been discharged, recalled the jury and, in the presence of the defendant, returned to the jury the verdict which had theretofore been delivered by the jury and recorded, and instructed the jury to retire to the jury room and if such was still their verdict to return it to the court in the presence of the defendant. This was done. To all of this latter procedure the defendant excepted.

There are eight (8) assignments of error, all of which may be disposed of under three heads.

First, it is contended that the verdict was not supported by the evidence and was contrary to the evidence.

Second, it is contended that the record shows that the defendant was not in the court room at the time the verdict was returned by the jury and received by the court and that because of such absence no valid judgment could be based upon such verdict.

Third, it is contended that the court erred in reconvening the jury after the verdict had been recorded and the jury discharged and requesting the jury to retire to

their room and, if such remained their verdict, to return same to the court in the presence of the defendant.

The record discloses sufficient substantial evidence to support a verdict of guilty. The law is well settled in this State that when the trial court concurs in the verdict rendered by the jury by denying a motion for a new trial and there is substantial evidence to support the verdict the appellate court should refuse to disturb it, in the absence of any showing that the jurors were probably improperly influenced by considerations outside of the evidence. Baxley et al. v. State, 59 Fla. 6, 51 Sou. 278; Smith v. State, 65 Fla. 56, 61 Sou. 120; Rowland v. State, 68 Fla. 163, 67 Sou. 42; Childers v. State, 74 Fla. 288, 77 Sou. 99; Southern Express Co. v. Stovall, 75 Fla. 1, 77 Sou. 618; Blackwell v. State, 79 Fla. 709, 68 Sou. 224; 15 A. L. R. 265; Brooke v. State, 80 Fla. 81, 86 Sou. 333.

The record shows that the plaintiff in error, the defendant in the court below, was present, was arraigned, admitted identity, entered a plea of not guilty and that thereupon came the jury (naming them) who were duly tried, elected and sworn according to law, and who, after hearing all of the evidence, the argument of counsel and the charge of the court, retired to consider their verdict and afterwards returned in the court with the verdict which appears in the record. From this record it will be presumed that the defendant remained in the court room, as it was his privilege and duty to do, during the entire progress of the trial, including the receiving of the verdict.

The record shows that if in fact the plaintiff in error was absent from the court room at the time of the rendition of the verdict it was a voluntary and momentary absence; that such absence was not observed by the trial court or the state's attorney and we must assume that such absence was not observed and not noticed by counsel for

the accused because if at that time counsel noticed that the defendant was absent when the verdict was about to be received by the court, it was their sacred and bounden duty as officers of the court to call the attention of the court to such fact, and any other course would have constituted most reprehensible conduct on the part of counsel.

The defendant can not properly take advantage of his own misconduct to vitiate a trial and escape punishment. We, therefore, hold that if the defendant in this case in the court below was in fact absent from the court room at the time the verdict was received that such absence was his voluntary act in disregard of his duty to his counsel and to the court; that it was only a momentary absence at a time when no harmful result could accrue to the defendant by reason thereof and that it had no effect upon the legality of the receiving of and recording of the verdict as rendered by the jury.

In the case of Lowman et al. v. State, 80 Fla. 18, 85 Sou. 166, this Court say:

"In the trial for a capital offense if an adult defendant unobserved by the court or its officers voluntarily goes into a room adjoining the court room for purposes of his own and remains for a very few minutes while a witness for the State is being examined, or while a proposed juror is being examined on his *voir dire,* the defendant being represented by counsel, such temporary and voluntary absence from the court room during the progress of the trial is not a violation of the defendant's organic or statutory rights, and will not cause a reversal of a judgment of conviction that is amply supported by competent evidence, and it does not appear that the defendant could have been harmed or prejudiced by his voluntary absence for such a brief time during the trial."

In the same case the Court say further:

"The Constitution secures to a defendant a right to "an impartial trial" and "to meet the witnesses against him face to face," but it does not expressly require a defendant to be present during the entire time of the trial. A rule of procedure enforced by the courts has required the personal presence of the defendant during the whole period of the trial as stated in the Molton and Morey cases, *supra.* See Sherrod v. State, 93 Miss. 774, 47 South. Rep. 554; State v. Kelly, 97 N. C. 404, 2 S. E. Rep. 185."

And, again the Court say on page 30 of the text:

"In this case there was the voluntary act of a normal man in going from the court room where he was being tried for the crime of murder, into another room in the building and there remaining a few minutes for purposes of his own desire or convenience, while the juror was being examined . on his *voir dire,* or while a witness for the State was being examined, the defendant being represented by counsel, when it does not appear and is not claimed that any disadvantage or harm to the defendant could have resulted from his voluntary and temporary absence from the court room. To hold that this is a denial to the defendant of his organic rights "to be heard by himself or counsel, or both, to demand the nature and cause of the accusation against him, to meet the witnesses against him face to face" and not to "be deprived of life or liberty without due process of law," and to "the equal protection of the laws" or a denial of the defendant's statutory or common law right to be personally present "during the trial" or at every stage or step taken in his trial for a felony, is to put vain technicalities above the substantial requirements of justice and security to the defendant, and to impair the integrity and power of the courts in administering the

law and securing to the defendant all of his rights in the premises.''

The recalling of the jury sometime after the verdict had been filed and recorded and having the jury to return to the jury room and re-render the verdict was without force or effect, had.no bearing on the legality of the trial and conviction and in no way affected the defendant's legal rights.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.