AMERICAN AUTOMOBILE INSURANCE ASSOCIATION v. LEO PEARSON, trading and doing business under the name of TRYME BOTTLING COMPANY.

163 So. 247.

Division B.

Opinion Filed June 3, 1935.

On Rehearing October 2, 1935.

*Roswell King, E. W. & R. C. Davis, and Waller & Pepper,* and on Rehearing, *Milam McIlvaine* and *Milam,* for Plaintiff in Error;

*Evan Evans,* for Defendant in Error.

PER CURIAM.—In this case the writ of error brings for review a judgment in favor of the plaintiff in the court below in a suit based on an indemnity insurance policy. It is the second appearance of the case here. See American Automobile Insurance Association v. Pearson, 112 Fla. 614, 150 Sou. 725. In its former appearance here the record showed a judgment in favor of the plaintiff for the

identical amounts which were recovered on the second trial of the cause, to which judgment this writ of error is taken.

We know of no good purpose that could be served by a discussion of the evidence. The record shows it to be to all intents and purposes just as it was on the first trial and, while it appears to the members of this Court that there was ample evidence to sustain the plea interposed by the defendant, which plea alleged a valid defense in bar of recovery under the terms and conditions of the policy and was in effect that the insured's driver was under the influence of intoxicating liquor at the time the truck which such driver was operating came into collision with the automobile and out of which collision the damages claimed accrued, we feel that we must not substitute our judgment in lieu of that of two juries and two Circuit Judges who have heard the evidence and seen the witnesses on the stand and sanctioned verdicts in favor of the plaintiff for identical amounts.

In Southern Express Company v. Stovall, 75 Fla. 1, 77 Sou. 618, we said:

"A verdict for the plaintiff below has been rendered by a jury in two separate trials, and such a verdict has twice received the sanction of the trial judge. In a similar situation in the case of Valdosta Mercantile Co. v. White, 56 Fla. 704, 47 South. Rep. 961, this court said: 'As this court has also held, it is generally with great reluctance that courts set aside the verdict of a jury upon a consideration of the testimony alone; and a second verdict upon the same state of facts, even though the judges might have come to a different conclusion, is too strongly fortified by the judgment of twelve men, to warrant an appellate court in disturbing it except for strong reasons."

In the instant case there were not only two separate

juries who heard the evidence and decided in favor of the plaintiff, but different Circuit Judges presided in the two trials. The first trial was before one Circuit Judge and the second trial was before another Circuit Judge and at the conclusion of each trial the presiding Circuit Judge sanctioned the verdict of the jury by denying motion for new trial.

It is for these reasons that we hold the judgment must be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

## ON REHEARING GRANTED.

PER CURIAM.—After hearing oral argument on rehearing and reconsidering the record in this case, the majority of the Court is of the opinion that the judgment of affirmance entered herein on June 3rd, 1935, should be adhered to. The judgment is hereby reaffirmed.

It is so ordered.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.