285 So.2d 663 (1973)
TOWN OF MEDLEY, a Municipal Corporation, et al., Appellants,
v.
Richard E. SCOTT, Appellee.
No. 73-189.
District Court of Appeal of Florida, Third District.
November 6, 1973.
Rehearing Denied December 11, 1973.
Lubow & Gary, Miami, for appellants.
Frates, Floyd, Pearson, Stewart, Proenza & Richman, Christain D. Searcy, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Appellants seek review of a jury verdict of $500.00 in compensatory damages and *664 $5,000.00 punitive damages against the individual appellants for assault and battery.
Appellee, plaintiff in the trial court, was arrested near the conclusion of the Town of Medley council meeting on the evening of May 5, 1969. He was arrested after being recognized by the chair and addressing a question to Councilman and Chief of Police, Toby Wilson, concerning a remark the latter had made earlier in the day to appellee's wife. The council ruled appellee out of order, but he persisted, whereupon Mr. Wilson ordered appellee's arrest.
The arresting officers, who are brothers, are the individual appellants in this cause. Appellee alleged that they pulled his arms behind his back, handcuffed him and shoved him head first into a window, cutting his head. He charged that the officers had handcuffed him so tightly that his hands and wrists were seriously injured.
Appellants raised five points on appeal: (1) that appellants were entitled to a mistrial due to certain prejudicial comments by appellee's counsel to the jury; (2) that the court erred in excluding certain of appellants' witnesses on the grounds that their testimony was cumulative; (3) that the court erred in excluding evidence concerning a conviction and affirmance for disorderly conduct and breach of peace arising out of the incident as well as a finding of probable cause for resisting arrest by a justice of the peace; (4) that the court erred by excluding expert testimony from another town councilman, who is a retired police captain, regarding excessive force; and (5) that the court erred by entering a judgment in a single verdict for punitive damages against joint tortfeasors.
We have carefully considered the record, all of the points in the briefs, and arguments of counsel in light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Accordingly, we affirm.
However, we think appellants' last point merits comment. The record clearly demonstrates that appellants' objection to the form of the verdict has been waived because of a failure to object when the trial judge instructed the jury.
Even if this point were not waived, we do not believe appellants' reliance upon Lehman v. Spencer Ladd's Inc., Fla. 1965, 182 So.2d 402, is well taken. Subsequent to that case, RCP 1.481, 30 F.S.A., took effect on October 1, 1968. The rule provides:
"In all actions when punitive damages are sought, the verdict shall state the amount of punitive damages separately from the amounts of other damages awarded."

This is precisely what was done in the instant cause. Compensatory damages were awarded against the town and the individual appellants. Punitive damages were separately assessed against the individual police officers.
Allowance of punitive damages in an action for intentional assault and battery is discretionary with the jury, and each wrongdoer may be punished in a manner which, according to his financial ability, will hurt, but not bankrupt. Joab, Inc. v. Thrall, Fla.App. 1971, 245 So.2d 291. We do not think the verdict in this cause threatens either individual appellant with bankruptcy.
Therefore, for the reasons stated, the judgment appealed is affirmed.
Affirmed.