307 So.2d 877 (1975)
Florence WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-653.
District Court of Appeal of Florida, Third District.
February 11, 1975.
*878 Phillip A. Hubbart, Public Defender, and Roy S. Wood, Jr., Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The defendant was charged by information with breaking and entering and malicious destruction of real or personal property. She was tried by jury, found guilty of entering without breaking and malicious destruction of real or personal property, convicted and sentenced to five years' probation.
On appeal the defendant alleges that the court erred in adjudicating her guilty (1) where the evidence was insufficient to support the verdict, (2) where no evidence was presented as to the value of the property destroyed and (3) in refusing to grant a mistrial where the testimony of one of the witnesses was irrelevant and prejudicial.
As to the question of the sufficiency of the evidence to support the verdict, we acknowledge that it is the function of the jury sitting as a trier of fact to determine the credibility of the witnesses to determine what testimony is worthy of belief. Eizenman v. State, Fla.App. 1961, 132 So.2d 763; Loprince v. State, Fla.App. 1969, 218 So.2d 212; Duncomb v. State, Fla. App. 1970, 237 So.2d 86. As stated in Wetherington v. State, Fla.App. 1972, 263 So.2d 294, 295:
"Conflicts in evidence, and that it may have been susceptible of differing influences and presented the trier of the facts with questions as to credibility of witnesses and weight to be given to testimony and other evidence presented, will not establish insufficiency of the evidence to sustain a judgment of conviction when the record discloses there was competent substantial evidence sufficient in law for its support."
Giving due weight to findings of fact as determined at trial, we assume that the trier of fact believed that credible testimony most damaging to the defendant and drew from the facts established those reasonable conclusions most unfavorable to the defendant. Parrish v. State, Fla.App. 1957, 97 So.2d 356; Spataro v. State, Fla. App. 1965, 179 So.2d 873. Having found substantial competent evidence in the record to support the conviction, it will not be disturbed on appeal.
The remaining issues on appeal are without merit and will not be discussed.
Affirmed.