327 So.2d 780 (1975)
Audrey Faye McCLAMROCK, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1425.
District Court of Appeal of Florida, Third District.
December 9, 1975.
Rehearing Denied March 3, 1976.
Louis Stoskopf, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant, Audrey McClamrock, was indicted for the first degree murder of her former husband, Gordon Stevens. A jury found her guilty of second degree murder, and she was sentenced to life imprisonment. She seeks reversal of her conviction and sentence on the grounds that the guilty verdict is not supported by the evidence, and the trial court erred in not granting her motion for acquittal. The facts giving rise to the indictment are as follows:
On July 14, 1973, the date of the killing, appellant received a phone call from her ex-husband, the deceased, who informed her that he was not going to allow her to exercise her visitation rights and see their minor daughter Chenina on the following day. She then woke up her present husband, Edward McClamrock, and informed him of the conversation she had with Gordon. After Edward unsuccessfully attempted to talk to Gordon on the telephone, he and the appellant got into their car and drove to Gordon's residence. Upon arriving, Edward told the appellant to go get Gordon. Appellant went to the door and requested Gordon to come outside because Edward wished to talk with him. As Gordon came outside, Edward got out of the car and shot and killed him. Then, Edward and the appellant got into their car and drove away.
The theory upon which the prosecution grounded its case against the appellant was that she was an aider and abettor under § 776.011, Fla. Stat., F.S.A.
The established rule is that before an accused may be convicted as an aider and abettor, the intent to participate in the crime must be proved. Douglas v. State, Fla.App. 1968, 214 So.2d 653.
Appellant argues that there was insufficient evidence to prove her intent inasmuch as she testified that on the day of the killing she did not know her husband had a gun or that he intended to kill her ex-husband. However, a review of the *781 record on appeal reflects that there was competent substantial evidence to the contrary with respect to this issue of intent. One of the arresting officers testified that after reading the Miranda warnings to the appellant, she confessed to him that she knew her husband was going to kill the deceased. Appellant's older daughter Cynthia Peel testified that on numerous occasions appellant had threatened the deceased.
The jury having resolved the conflicting evidence against the appellant, and the circumstances proving appellant's intent in the case at bar being sufficient to exclude any reasonable doubt of the appellant's guilt engendered by her explanation of her presence at the time and place of the commission of the crime, we will not disturb the judgment of conviction on appeal. See Wetherington v. State, Fla.App. 1972, 263 So.2d 294; Williams v. State, Fla.App. 1975, 307 So.2d 877 and Douglas v. State, supra at 655.
Judgment and sentence affirmed.