PER CURIAM.
This appeal arises out of personal injury litigation that commenced in the trial court by a passenger on a bus, operated by Dade County, suing the County, the driver of the bus, and the driver of an automobile, which automobile allegedly cut in front of the bus causing the bus to strike the rear of the automobile. There were various crossclaims filed, one of which is pertinent to this appeal.
At the time the matter was submitted to the jury, the plaintiff had a cause of action against the County for a breach of duty as a public carrier, and a cause of action against the driver of the automobile for simple negligence.
The appellants complain of prejudicial error incurred by the trial judge submitting defective verdict forms to the jury. The specific claimed defect seems to be the allegation that under said verdict forms, if the jury were to find in favor of the bus passenger (plaintiff) against the appellants (defendants, cross-defendants, and counter-plaintiff) it must also find in favor of the appellee, Angel Segurado (defendant, cross-plaintiff, and counter-defendant), on his crossclaim seeking damages for simple negligence. Segurado was the driver of *576 the vehcile struck from the rear by the appellant’s bus. It is to be noted that the appellants admit the jury was properly charged on the duty of care the respective parties owed to each other. The appellee urges that the appellants waived this objection by not noting same on the record prior to the submission of the verdict forms to the jury, citing Kent v. Polk Grocery Co., 131 Fla. 139, 179 So. 136; Crawford v. Dimicco, Fla.App.1968, 216 So.2d 769; Town of Medley v. Scott, Fla.App.1973, 285 So.2d 663.
An examination of the record shows that immediately upon the judge giving the verdict forms to the jury, counsel for the appellants objected. This is the first indication in the record as to the knowledge that counsel for the appellant had as to the forms that were to be given by the court. Therefore, we hold that the objection was timely made. See: Louisville & Nashville Railroad Company v. Flournoy, Fla.App.1961, 136 So.2d 32. The jury should be submitted forms of verdict which permit it to arrive at a verdict or verdicts consistent with the claims of the plaintiff and cross-plaintiff and the defenses addressed thereto. Southern Express Co. v. Stovall, 71 Fla. 122, 70 So. 939; Morrison v. Hansen, Fla.App.1968, 213 So.2d 306. The verdict forms submitted to the jury are not included in the record on appeal and, while our research fails to reveal any Florida authority to support it, we are of the opinion that failure to include said form verdicts in the record is a fatal defect. Furthermore, it does appear from the record that subsequent to charging the jury, the trial court discussed the verdict forms and, from this discussion, we can discern the following:
The trial judge submitted three sets of forms to the jury and instructed it to execute the verdicts in one set of the forms. In Group 1, there was a verdict for the plaintiff against all of the defendants; a verdict for Segurado against the appellants for his claim for damages occasioned by his injuries; and a verdict for the appellants against Segurado on the appellants’ counterclaim for damages to the bus.
In Group 2, there was a verdict for the plaintiff against Segurado and his insurer; a verdict for Segurado against the appellants on Segurado’s crossclaim; a verdict for the appellants against Segurado on his crossclaim; and a verdict for the appellant-County against Segurado on the County’s counterclaim.
In Group 3, a verdict for the plaintiff against the appellants herein; and a verdict for Segurado against the appellants on his crossclaim.
Breaking this down, we find the jury had the following verdicts. On plaintiff’s claim: In favor of the plaintiff against appellants, Segurado and his insurer; in favor of the plaintiff against Segurado and his insurer; and in favor of the plaintiff against the appellants. On Segurado’s crossclaim: In Segurado’s favor against the appellants; and in favor of the appellants against Segurado. On the County’s counterclaim: In favor of the County against Segurado.
The jury returned a verdict in favor of the plaintiff in the amount of $21,000.00 against all defendants; in favor of Segur-ado against the appellants in the amount of $19,000.00 on the crossclaim; and in favor of the County against Segurado in the amount of $426.24 on the County’s counterclaim. The award to Segurado was substantially less than his claim for $40,000.-00/$S0,000.00. The award to the County for damages to the bus was the amount requested in closing argument; however, this request does not agree with the bill for repairs, which was in the amount of $952.49.
Based on the foregoing, we can see that while the verdict forms, as ascertained from the record, may be confusing (the confusion probably being attributed to lack *577 of the forms), the jury did in fact have in its possession a verdict in favor of the appellants against Segurado on his cross-claim. We cannot say that the jury verdict was the result of confusion on its part;' there is nothing to show that the verdicts were not, in fact, those intended by the jury. Therefore, no merit is found in this alleged error.
We have examined the other points urged for reversal and find them to be without merit. See: Upton v. Hutchison, Fla.1950, 46 So.2d 20; Loftin v. Wilson, Fla.1953, 67 So.2d 185; Talcott v. Holl, Fla.App.1969, 224 So.2d 420; Seaboard Coast Line Railroad Company v. McKelvey, Fla.1973, 270 So.2d 705; Miami Shores Village v. Brown, Fla.App. 1973, 286 So.2d 589.
Therefore, for the reasons stated, the final judgment be and the same is hereby affirmed.
Affirmed.