GRIMES, Judge.
This is an appeal from a conviction of aggravated assault.
Detective Richard Swann, an undercover narcotics officer, met an informant at about 5:00 p.m. on June 16, 1981. The informant introduced Swann to appellant, and Swann told appellant that he wanted to buy some cocaine. Appellant’s first efforts to acquire the cocaine were unsuccessful, so he told Swann to return later. „ At about 8:00 p.m., Swann picked appellant up, and they went to several places searching for drugs. Appellant then directed Swann to return to a gameroom that they had earlier visited to see if he could find someone with cocaine. Before arriving at the gameroom, appellant directed Swann to turn in to see several men who were in the parking lot of a convenience store. One of the men in the parking lot was appellant’s brother William. After talking awhile, they decided to return to the gameroom.
Once at the gameroom, Swann noticed several others present, including a man named H.P. Brock. While the men talked, appellant drove off in William’s car. He returned shortly and then told Swann to come outside. He took Swann to the side of thé building away from the parking lot and told him that he could not find any cocaine that night. Suddenly, Swann turned and found William Cable advancing towards him with a large pair of hedge clippers. William Cable placed the clippers at Swann’s throat and threatened to kill him. Appellant remained behind Swann, and Brock stood by as well. William Cable demanded Swann’s wallet. As Swann gave it to him, Brock held the clippers. After searching Swann’s wallet, William Cable ordered the officer against a car and patted him down. They also made Swann remove his shoes to see if he was carrying a weapon. After satisfying themselves that Swann was not a police officer, the men told him that if he would return the following night, they would sell him narcotics. Swann left without further incident. Appellant, his brother, and Brock were eventually arrested. The state charged appellant with aggravated assault.
Unquestionably, William Cable committed an aggravated assault on Officer Swann. See Lindsey v. State, 67 Fla. 111, 64 So. 501 (1914); Gilbert v. State, 347 So.2d 1087 (Fla. 3d DCA 1977); § 784.-021(1), Fla.Stat. (1981). We now must decide whether appellant’s activities were sufficient to make him a principal in the first degree pursuant to section 777.011, Florida Statutes (1981). Section 777.011 provides in pertinent part:
Principal in first degree. — Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, ' convicted, and punished as such, whether *162 he is or is not actually or constructively present at the commission of such offense.
Before one can be convicted as an aider or abettor, there must be proof of his intent to participate in the crime. Shockey v. State, 338 So.2d 33 (Fla. 3d DCA 1976); McClamrock v. State, 327 So.2d 780 (Fla. 3d DCA 1975). The state must also show that the accused has done or said something which causes, encourages, assists, or induces the other person to actually commit the crime. G.C. v. State, 407 So.2d 639 (Fla. 3d DCA 1981).
In most cases of this type, the crime perpetrated by others is an end in itself, and the state simply seeks to' prove that the defendant aided in the commission of that crime. Here, appellant actively tried to commit a crime, and the question is whether he can be convicted as a principal for the commission of a second crime carried out in furtherance of a scheme to commit the first one. Obviously,' appellant and his brother and Brock were attempting to consummate a drug sale. At some point, they became suspicious that Swann was an undercover agent. Appellant asked Swann to come outside ostensibly to talk with him about the sale of the cocaine. When Swann was sufficiently removed from the premises, appellant’s brother accosted him with some hedge clippers. While appellant did not handle the clippers, he was present at all times. His brother’s acts did not appear spontaneous, and they were entirely consistent with the preservation of the common drug scheme. The jury was entitled to conclude that appellant was a principal in the commission of the aggravated assault.
AFFIRMED.
HOBSON, A.C.J., and SCHOONOVER, J., concur.